IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| :--- | :--- | :--- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | NO. 07-550-03 |
| ROBERT MERRITT | : | NO. 07-550-04 |
| STEVEN NORTHINGTON | : | NO. 07-550-05 |
| KIDADA SAVAGE | : | NO. 07-550-06 |

SURRICK, J.  NOVEMBER  19 , 2012

## MEMORANDUM

Presently before the Court is Defendant Kaboni Savage's Motion to Exclude Co-Conspirators' Statements. (ECF No. 391.) For the following reasons, Defendant's Motion will be denied.

**I.  BACKGROUND**[1]

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment ("Indictment") charging Defendant Kaboni Savage ("Savage") with conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1), twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2-7, 10-15), tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8), conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9), retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count

---

[1] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds. (*See* ECF Nos. 507, 508.)

16), and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17). (Fourth Superseding Indictment ("Indictment"), ECF No. 480.)[2] Savage was charged, along with three co-defendants, Steven Northington, Robert Merritt, and Kidada Savage, his sister.[3] Defendant Lamont Lewis was also charged in the First Superseding Indictment. The charges against Lewis were disposed of by guilty plea on April 21, 2011. On March 14, 2011, the Government filed notices of intent to seek the death penalty against Savage, Merritt and Northington. (ECF Nos. 196, 197, 198.) The Government does not seek the death penalty against Kidada Savage.

Kaboni Savage, Northington and four other co-defendants not charged in the instant Indictment were prosecuted in a 2005 federal drug conspiracy case before the Honorable Mary A. McLaughlin in this District. After a seven-week trial, Savage was found guilty of conspiracy to manufacture and distribute cocaine, money laundering, firearms possession, witness retaliation and other crimes. As part of its investigation of the 2005 drug conspiracy, the Government sought and obtained seven orders authorizing the interception of wire communications ("Wiretap Orders") pursuant to 18 U.S.C. § 2518. The Government advises that "thousands of recorded telephone conversations" were obtained pursuant to the Wiretap Orders and produced to Defendants during discovery. (Gov't's Resp. 3, ECF No. 463.)

On February 21, 2012, Savage filed a Motion to Exclude Alleged Co-Conspirators'

---

[2] The First Superseding Indictment was filed on April 8, 2009. (ECF No. 51.) The Second Superseding Indictment was filed on June 22, 2011. (ECF No. 229.) The Third Superseding Indictment was filed on September 7, 2011. (ECF No. 284.)

[3] On May 29, 2012, we entered an Order permitting all Defendants to join the pretrial motions of their codefendants to the extent that the Defendants have standing. (Order, ECF No. 495.) All Defendants have standing to assert the arguments in the instant Motion.

Statements. (Def.'s Mot., ECF No. 391.)[4]  The Government filed a Response in opposition to the Motion on April 12, 2012. (Gov't's Resp.)  A hearing was held on the pretrial motions on June 11 and 12, 2012.  At that hearing, the parties advised the Court that they did not wish to present evidence or oral argument on this Motion, and the Motion was submitted on the pleadings.  Trial of Defendants is presently scheduled for January 7, 2013.

## II. DISCUSSION

### A. The Parties' Contentions

Savage seeks to prevent the Government from offering statements made by co-conspirators at trial on the basis that they constitute inadmissible hearsay. (Def.'s Mot. ¶ 7.)  He argues that the statements, which were obtained by use of court-authorized wiretaps, do not qualify as co-conspirator non-hearsay under Federal Rule of Evidence 801(d)(2)(E). (*Id.* at ¶¶ 5-7.)  Rule 801 requires that the Government prove the existence of a conspiracy prior to the statements qualifying as non-hearsay.  *See* Fed. R. Evid. 801(d)(2)(E).  Savage contends that, without the co-conspirator statements, the Government is unable to prove the existence of a conspiracy. (*Id.*)  In the alternative, Savage requests (i) that the Government provide him with notice of the co-conspirator statements it intends to introduce against him, and (ii) that we schedule a pretrial hearing at which the Government will be required to lay a foundation with respect to the existence of a conspiracy. (Def.'s Mem. 2.)

The Government responds that Savage's Motion is facially insufficient because he has failed to identify any co-conspirator statement to which he objects. (Gov't's Resp. 1.)  The

---

[4] Defendant also filed a Memorandum of Law in Support of the Motion for Pre-Trial Hearing Regarding Admissibility of Co-Conspirators' Statements. (Def.'s Mem., ECF No. 391.)

3

Government further argues that pretrial hearings to determine the admissibility of co-conspirator statements are, "for the most part, a relic of the past" and rarely used by courts within the Third Circuit. (*Id.* at 4.) Rather than conducting a pretrial hearing, the Government requests that, consistent with Third Circuit precedent, the statements be admitted at trial, subject to the requirement that the Government lay a proper foundation by the close of its case. The Government contends that this practice is appropriate for complex conspiracies like this one, where there is a "large amount of interrelated testimony." (*Id.* at 5 (quoting *United States v. McGlory*, 968 F.2d 309 (3d Cir. 1992).)

    B.    **Applicable Law**

Pursuant to Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is offered against the opposing party and "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). To qualify as non-hearsay under Rule 801(d)(2)(E), the Government must first establish by a preponderance of the evidence that (1) there was a conspiracy involving the defendant and the non-offering party, and (2) the statement was made during and in furtherance of the conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *United States v. Gambino*, 926 F.2d 1355, 1360 (3d Cir. 1991). This preliminary determination is made by the district court, *Gambino*, 926 F.2d at 1360, and the "statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it," Fed. R. Evid. 801(d)(2)(E). There is no requirement that the determination be made at any given time since "control of the order of proof at trial is a matter committed to the discretion of the trial judge." *United States v. Continental Grp., Inc.*, 603 F.2d 444, 456 (3d Cir. 1979); *see also United States v. Ammar*, 714 F.2d 238, 245-47 (3d Cir. 1983) (affirming district

court's admittance of co-conspirator's statements subject to later connection by the government). The necessary quantity of evidence to prove a conspiracy under Rule 801(d)(2)(E) need not be great. The Third Circuit has held that the trial court's determination need only be supported by "slight evidence." *United States v. Provenzano*, 620 F.2d 985, 999 (3d Cir. 1980).

In complex conspiracy cases the Government is permitted to conditionally admit co-conspirator statements without first laying a foundation with respect to the existence of the conspiracy. The Government must, however, meet its burden to prove the conspiracy by the close of its case. *See Gambino*, 926 F.2d at 1360-61; *Ammar*, 714 F.2d at 247; *Continental Grp.*, 603 F.2d at 457. This procedure should be "carefully considered and sparingly utilized"; however, it is appropriate when the conspiracy involves multiple defendants and a "large amount of interrelated testimony." *Continental Grp.*, 603 F.2d at 457; *see also Gambino*, 926 F.2d at 1360-61 (affirming district court's decision to admit co-conspirator statements subject to later connection where "government's proof consisted of a large amount of interrelated testimony").

### C. Legal Analysis

Savage first seeks an order excluding as evidence at trial all statements made by co-conspirators that the Government intends to offer against him. Savage argues that, without the co-conspirators' statements, the Government is unable to meet its burden under Rule 801(d)(2)(E) to prove the existence of a conspiracy. Savage's argument is unpersuasive. Savage fails to identify a single co-conspirator statement to which he objects. The Government argues that Savage's Motion is facially insufficient. The Government is correct. This Court is not in a position to exclude alleged hearsay statements without first reviewing those statements. Moreover, Savage fails to provide any legal support for the proposition that a court may order a

blanket exclusion of all co-conspirators' statements prior to trial. Granting such a request would effectively deprive the Government of the opportunity to demonstrate that the statements are admissible. *See United States v. Kemp*, No. 04-370, 2005 U.S. Dist. LEXIS 2072, at *10 (E.D. Pa. Feb. 10, 2005) (denying motion to exclude intercepted co-conspirator statements where the government had not yet had the "opportunity to develop evidence to demonstrate [their] admissibility" and to show that defendant was a part of the alleged conspiracy).

Moreover, the Government represents that there is ample additional evidence to demonstrate the existence of a conspiracy independent of the co-conspirators' statements. *See* Fed. R. Evid. 801(d)(2)(E) (stating that the "statement must be considered but does not by itself establish . . . the existence of the conspiracy or participation in it"). The Government has provided Defendants with voluminous discovery. (*See* Gov't's Resp. 3.) The Government represents that this evidence includes thousands of recorded conversations, co-conspirators' testimony from the 2005 drug trial, seized controlled substances and paraphernalia, records of financial dealings showing the laundering of drug proceeds, phone records, forensic evidence from homicide scenes, photographs showing the Defendants together, and correspondence seized from jails and residences. (*Id.*) The argument that the Government will be unable to demonstrate the existence of a conspiracy without use of the co-conspirators' statements appears to be meritless. Accordingly, the Motion will be denied with respect to Savage's request for a blanket exclusion of co-conspirator statements.

In the alternative, Savage requests that (i) the Court schedule a pretrial hearing and require the Government to lay a foundation with respect to the existence of a conspiracy, and (ii) that the Government provide him with "notice of which statements of others it plans to introduce

against him using [Rule] 801(d)(2)(E)." (Def.'s Mem. 2.)  Savage argues that it will be impossible for the Court to give limiting instructions to the jury if the Government were permitted to offer co-conspirator statements at trial without first having to meet its burden to prove the existence of a conspiracy.  (*Id.*)  Savage appears to be requesting a pretrial hearing pursuant to *United States v. James*, 576 F.2d 1121 (5th Cir. 1978) *modified en banc*, 590 F.2d 575 (5th Cir. 1979).  A *James* hearing is a pretrial hearing to determine the existence of a conspiracy and the admissibility of any statements of alleged co-conspirators under Rule 801(d)(2)(E).  *United States v. Colbert*, No. 08-411, 2011 U.S. Dist. LEXIS 85288, at *54 (W.D. Pa. Aug. 3, 2011).  *James* hearings are neither required, nor a procedure that is often used in the Third Circuit.  *See Ammar*, 714 F.2d at 246 (stating that the holding of a *James* hearing "is not a mandatory procedure"); *United States v. Solomon*, No. 05-385, 2007 U.S. Dist. LEXIS 21433, at *6 (W.D. Pa. Mar. 26, 2007) (noting that *James* hearings are not "custom").  Rather, the Third Circuit commands that "the order of proof at trial is a matter committed to the discretion of the trial judge." *Continental Grp.*, 603 F.2d at 456.

Although "[g]enerally, the trial judge makes a finding that the government has shown the conspiracy's existence . . . before the statement is admitted," *United States v. De Peri*, 778 F.2d 963, 981 (3d Cir. 1985), the Third Circuit has consistently recognized an exception to this general rule.  For cases involving complex conspiracies with "large amounts of interrelated testimony," the Government is permitted to admit the co-conspirators' statements subject to later proof of the conspiracy.  *Continental Grp.*, 603 F.2d at 456-57; *see also De Peri*, 778 F.2d at 981 ("[I]n complex trials involving a large amount of interrelated testimony, it may be necessary to admit the statements provisionally, subject to a later finding of a conspiracy established by the

7

preponderance of independent evidence."); *Ammar*, 714 F.2d at 245-47 (upholding admission of co-conspirator statements subject to later connection). Conducting *James* hearings in complex conspiracy cases is not the preferred practice since there is a concern that hearings will result in "mini-trials." *Ammar*, 714 F.2d at 247; *United States v. Cheatham*, 500 F. Supp. 2d 528, 537 (W.D. Pa. 2007).

The instant case involves a complex conspiracy with a "large amount of interrelated testimony." *Continental Grp.*, 603 F.2d at 456-57. The seventeen-count Indictment charges four Defendants with RICO conspiracy. The Government alleges that all four Defendants were members of a regional criminal organization, which was based in North Philadelphia and was known as the "Kaboni Savage Organization" ("KSO"). (Indictment 2.) It is further alleged that from late 1997 through April 2010, this racketeering enterprise conspired and agreed to distribute large quantities of controlled substances, to commit murder and arson, and to tamper with, and retaliate against, witnesses who had testified, or were about to testify, against the racketeering enterprise or its members. (*Id.* at 1-7.) This conspiracy spanned approximately thirteen years. The RICO conspiracy count contains 140 overt acts, and the number of non-defendant co-conspirators referenced in those acts is legion. (*Id.* at 9-32) In light of the enormous amount of interrelated testimonial and non-testimonial evidence that the Court would need to consider, a pretrial hearing conducted for the purposes of determining the admissibility of co-conspirator statements would be both impractical and inefficient. The hearing would certainly turn into a mini-trial.

Given the complexity, the span and the breadth of the RICO conspiracy charge, we will deny Savage's request to hold a *James* hearing. *See Ammar*, 714 F.2d at 247 (upholding district

8

court's denial of a pretrial evidentiary hearing to determine the admissibility of co-conspirators' statements on the grounds that it would have involved a "mini-trial"); *Cheatham*, 500 F. Supp. 2d at 537 (denying pretrial hearing in a case involving a seventeen-count indictment that charges eight co-conspirators since the hearing "will most certainly turn into a 'mini-trial'"). We will permit the Government to conditionally admit co-conspirators' statements at trial. This offer of evidence will be subject to the Government establishing a proper foundation under Rule 801(d)(2)(E) prior to the close of its case. *See Cheatham*, 500 F. Supp. 2d at 538 (denying defendant's motion for *James* hearing and holding that the government would be permitted to admit co-conspirator statements at trial subject to "'connecting up' [the statements] with the necessary foundational evidence pursuant to F.R.E. 801(d)(2)(E)"). To the extent that the Government does not meet its burden in establishing a conspiracy, any Defendant may move for a mistrial and/or directed verdict at the conclusion of the Government's case.

We also deny Savage's request for notice of the co-conspirators' statements that the Government intends to offer against him. We presume that this request is related to Savage's request for a pretrial hearing, which we deny. In any event, co-conspirator statements are not discoverable unless they constitute *Brady*, *Giglio*, or Jencks material. *See United States v. Turner*, No. 11-197, 2012 U.S. Dist. LEXIS 32482, at *7 (W.D. Pa. Mar. 12, 2012) ("[T]he government is not required to disclose the statements of non-testifying co-conspirators [under Rule 16] unless those statements qualify as *Brady*, *Giglio*, or Jencks material."); *Solomon*, 2007 U.S. Dist. LEXIS 21433, at *6 (noting that "generally defendants are not entitled to production of co-conspirator statements" unless they constitute *Brady* or *Giglio* material); *see also Cheatham*, 500 F. Supp. 2d at 538 (denying defendant's motion for disclosure of co-conspirators'

statements); *United States v. Breslin*, No. 96-202, 1996 U.S. Dist. LEXIS 15985, at *3-4 (E.D. Pa. 1996) (denying defendant's motion for discovery of co-conspirators' statements because they are not covered by Fed. R. Civ. P. 16).

The Government represents that it has already produced all of the discovery material in its possession that it is obligated to produce. (*See* June 12, 2012 Hr'g Tr. 115 (on file with Court).) Moreover, to the extent that the Government has not done so already, it intends to produce Jencks material in sufficient time prior to trial in order to give Defendants the opportunity to review this material and ensure that there are not trial interruptions or delays. We assume that the Government will continue to comply with its ongoing discovery obligations.

### III. CONCLUSION

For the foregoing reasons, Defendant Kaboni Savage's Motion to Exclude Co-Conspirators' Statements will be denied.

An appropriate Order will follow.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**