IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | NO. 07-550-03 |

**SURRICK, J.**                                                                                 **JANUARY 23, 2013**

### MEMORANDUM

Presently before the Court is Defendant Kaboni Savage's Motion to Preclude Admission of Former Testimony (ECF No. 809). For the following reasons, Defendant's Motion will be denied.

**I.**     **BACKGROUND[1]**

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment (the "Indictment") charging Defendant Kaboni Savage with conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1), twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2-7, 10-15), tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8), conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9), retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count 16), and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17). (Fourth Superseding

---

[1] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds (ECF No. 374) and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds. (*See* ECF Nos. 507, 508.)

Indictment, ECF No. 480.)[2] Savage was charged along with three co-defendants, Steven Northington, Robert Merritt, and his sister, Kidada Savage. Defendant Lamont Lewis was also charged in the First Superseding Indictment. The charges against Lewis were disposed of by guilty plea on April 21, 2011. On March 14, 2011, the Government filed a notice of intent to seek the death penalty against Savage, Merritt, and Northington. (ECF Nos. 196, 197, 198.) The Government does not seek the death penalty against Kidada Savage.

On December 10, 2012, Savage filed a Motion to Preclude Admission of Former Testimony. (Def.'s Mot., ECF No. 809.) The Government filed a Response on December 20, 2012. (Gov't's Resp., ECF No. 850.) Trial of Defendants is scheduled for February 4, 2013.

## II. DISCUSSION

Defendant requests that the Government be precluded from offering testimony that Defendant provided in his own defense in a prior federal criminal case. (Def.'s Mot. 1.)[3] Defendant argues that he was provided ineffective assistance of counsel when his retained attorney, suffering from laryngitis at the time, delegated direct and cross-examination of him to the attorney's estranged wife. (Def.'s Mot. 2.) Defendant contends that the delegation of such a duty was unreasonable and "resulted in the effective absence of counsel during a critical stage of the proceeding." (*Id.*) In support of this argument, Defendant asserts that the attorney who

---

[2] Count 8 has been dismissed pursuant to an agreement between Defendants and the Government. (*See* ECF No. 855.)

[3] On December 16, 2005, following a seven-week jury trial before the Honorable Mary A. McLaughlin, a jury found Defendant guilty on fourteen Counts, including conspiring to manufacture and distribute cocaine base. *See United States v. Savage*, No. 04–269 (E.D. Pa.), at ECF No. 847. Defendant was ultimately sentenced to thirty years in prison. Defendant testified at this trial on December 8 and 9, 2005. *Id.* at ECF Nos. 812, 813.

2

questioned him on direct examination was a civil law practitioner who had not been previously present in court and had only met with him on one occasion. (*Id.*) Defendant argues that this former testimony was provided in violation of his Sixth Amendment right to the effective assistance of counsel. (*Id.* at 1.) Defendant further contends that if the Government is allowed to admit any portion of his 2005 testimony, Defendant will be compelled to testify at this trial to explain his former testimony, violating his Fifth Amendment right against compelled self-incrimination. (*Id*. at 3.) Finally, Defendant argues that allowing his former testimony to be presented would result in unfair prejudice that outweighs the probative value of the testimony. (*Id.*)

The Government responds that Defendant's claim is devoid of substantive merit because his retained trial counsel was not only present during his 2005 testimony, but actively participated in Defendant's examination. (Gov't's Resp. 2.) The Government contends that Defendant agreed on the record to a substitution of counsel, and that the direct examination questions asked of Defendant were constructed by his retained trial attorney. (*Id.* at 3, 6.) The Government further argues that it was Defendant's "poor performance" on the witness stand, not his counsel's ineffective assistance, that produced incriminating evidence. (*Id.* at 2.)

A.  **Ineffective Assistance of Counsel**

Counsel's performance will be considered ineffective when a defendant can establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). When reviewing a claim under

*Strickland*, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689.

There are situations in which the ineffectiveness of counsel may be "presumed without inquiry into actual performance at trial." *United States v. Cronic*, 466 U.S. 648, 661 (1984). A presumption of such prejudice can be found where: (1) the accused is denied the presence of counsel at a critical stage of the trial; (2) counsel entirely fails to subject the prosecution's case to meaningful adversarial testing; or (3) where the likelihood that even a fully competent lawyer could provide effective assistance is small under the circumstances. *Id.* at 659-60; *Bell v. Cone*, 535 U.S. 685, 695-96 (2002).

*Strickland* applies to claims asserting deficient lawyering, whereas claims falling under *Cronic* contemplate absentee lawyering. *Scott v. Sobina*, No. 09-1081, 2011 WL 6337566, at *3 (E.D. Pa. Dec. 16, 2011) (citing *Woodard v. Collins*, 898 F.2d 1027, 1028 (5th Cir. 1990)). Under *Strickland*, a defendant must demonstrate specific errors committed by counsel that prejudiced the outcome of the trial. *Sobina*, 2011 WL 6337566, at *3. Under *Cronic*, prejudice is presumed and need not be demonstrated. *Id.* However, the *Cronic per se* rule is a "very rare" exception to *Strickland*, *Vance v. Lehman*, 64 F.3d 119, 122 (3d Cir. 1995), and is limited to circumstances where the "denial of counsel would necessarily undermine the reliability of the *entire* criminal proceeding." *Ditch v. Grace*, 479 F.3d 249, 255 (3d Cir. 2007) (emphasis added).

In this case, Defendant has failed to demonstrate that his trial counsel was ineffective under either a *Strickland* or *Cronic* analysis.

1. *Strickland Analysis*

Defendant alleges that three errors by counsel caused his counsel's performance to fall below an objective standard of reasonableness under the first prong of *Strickland*: (1) Defendant's attorney delegated his direct examination duties to his estranged wife, a civil law attorney; (2) she had not previously been present in court during the trial; and (3) she met with Defendant on only one occasion before she questioned him on direct examination. Though Defendant now asserts that delegating his direct examination duties to such counsel was "preposterous," he admits that he consented on the record to the arrangement before his examination. (Def.'s Mot. 2.) Defendant fails to mention in his Motion that his retained counsel remained an active participant throughout his entire examination. (Gov't's Resp. 4.) In addition, Defendant fails to reveal that in 2005, his retained counsel's "estranged wife" was an experienced civil litigator who was also his counsel's law partner. *See Savage*, No. 04-269, at ECF No. 812 (Dec. 8, 2005 Trial Tr. (on file with Court)).

Defendant's attorney, whose voice had been compromised by laryngitis, remained an active participant in the courtroom. He delegated examination duties of Defendant to his law partner out of necessity. The examination was prepared by Defendant's attorney who, with his law partner, went over the testimony with Defendant the day before it was presented. We are compelled to conclude that this was not an unreasonable trial strategy. *See, e.g., Mitchell v. Meko*, No. 08-511, 2012 WL 176583, at *3 (E.D. Ky. Jan. 20, 2012) (reasoning that a "sound and reasonable" trial strategy can be developed when counsel with no capital trial experience receives assistance from a more experienced attorney); *Scott v. Sobina*, No. 09-1081, 2010 WL 8128749, at *15-16 (E.D. Pa. Jan. 29, 2010) (holding that a state court's determination that counsel's

insufficient contacts with defendant before trial did not prejudice defendant, was not an unreasonable application of *Strickland*). Counsel's performance did not fall below an objective standard of reasonableness here.

In any event, Defendant has failed to demonstrate how the outcome of the proceeding would have been different had the actual questioning been conducted by his retained counsel. In his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, which was filed on August 26, 2011 in the drug conspiracy case, Defendant asserts that substitute counsel failed to address certain topics Defendant had listed for direct examination. (Def.'s Mot. Ex. A ("2255 Motion").) He further contends that substitute counsel's lack of knowledge concerning the case risked opening "doors" into vulnerable areas of testimony. (*Id.*) However, Defendant fails to enlighten us as to which topics went unaddressed, or which doors were actually opened. More importantly, Defendant does not address how these additional topics or substitute counsel's knowledge would have affected the outcome of the trial. Clearly, Defendant has not demonstrated that there is a reasonable probability that, but for any of counsel's alleged errors, the result of his trial would have been different.

  2.  *Cronic Analysis*

In his Motion, Defendant relies heavily on *Cronic* to assert his Sixth Amendment claim. He contends that substituting counsel for the direct and cross-examination "resulted in the effective absence of counsel during a critical stage of the proceeding." (Def.'s Mot. 2.) This assertion is an attempt by Defendant to mirror the first *Cronic* exception: a showing of prejudice need not be demonstrated when the accused is denied the presence of counsel at a critical stage of the trial. *Cronic*, 466 U.S. at 661. We are satisfied that the substituting of an experienced

attorney for one who is suffering from laryngitis, in the circumstances here presented, does not constitute the denial of counsel. The trial transcript demonstrates that retained counsel remained an active participant in the courtroom throughout Defendant's direct and cross-examination. The substituted counsel met with Defendant to prepare for his direct examination. Defendant consented to the substitution. (*See* Dec. 8 Trial Tr.) Defendant is not entitled to a presumption of prejudice based upon the actual or constructive denial of counsel. Defendant's *Cronic* claim is without merit.

B. **Fifth Amendment and Unfair Prejudice Claims**

As a general rule, a defendant's testimony from a past trial is admissible against him in subsequent trials. *United States v. Pelullo*, 105 F.3d 117, 125 (3d Cir. 1997) (citing *Harrison v. United States*, 392 U.S. 219, 222 (1968)). However, testimony compelled by a constitutional violation must be excluded from all future proceedings. *Id.* The Supreme Court has held that only coerced confessions violate the Fifth Amendment. *Id.* at 125 n.6 (citing *Oregon v. Elstad*, 470 U.S. 298 (1985)). Defendant argues that he will be compelled to testify at this trial to explain his former testimony in violation of his Fifth Amendment right against compelled self-incrimination. Defendant's argument is creative, but meritless. Defendant has not demonstrated that his initial testimony at the 2005 trial was coerced. We have no reason to believe that he did not voluntarily and intelligently provide testimony at that trial. Defendant's choice to testify in his upcoming trial is his alone. He will not be coerced into testifying if the Government introduces his voluntary prior testimony.

Defendant's final claim is that admitting his prior testimony will result in unfair prejudice that will outweigh the testimony's probative value. Defendant does not assert how admitting his

7

former testimony will result in an unfair prejudice.  Indeed, Defendant does not even address which testimonial statements he believes to be prejudicial.  We reject Defendant's bald statement that the admission of this prior testimony "would also result in unfair prejudice to Mr. Savage that would substantially outweigh the former testimony's probative value."  (Def.'s Mot. 3.)

## III. CONCLUSION

For the foregoing reasons, Kaboni Savage's Motion to Preclude Admission of Former Testimony must be denied.

An appropriate Order will follow.

**BY THE COURT:**


*/s/R. Barclay Surrick*
**U.S. District Judge**