IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| v. | : |
| | : |
| KABONI SAVAGE | : NO. 07-550 - 03 |

**SURRICK, J.**                                                                                                       **JANUARY 23, 2013**

### MEMORANDUM

Presently before the Court is Defendant Kaboni Savage's Motion *in Limine* to Preclude the Testimony of Lamont Lewis Regarding the Murder of Kenneth Lassiter (ECF No. 839 (filed under seal)). For the following reasons, Defendant's Motion will be denied.

**I.  BACKGROUND**

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment (the "Indictment") charging Defendant Kaboni Savage with: conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2-7, 10-15); tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8)[1]; conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9); retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count 16); and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17). (Fourth Superseding Indictment, ECF No. 480.) Savage was charged along with three co-defendants, Steven Northington, Robert Merritt, and his sister, Kidada Savage. Lamont Lewis was also charged in

---

[1] Count 8 has been dismissed pursuant to an agreement between Defendants and the Government. (*See* ECF No. 855.)

the First Superseding Indictment. The charges against Lewis were disposed of by guilty plea on April 21, 2011. On March 14, 2011, the Government filed a notice of intent to seek the death penalty against Savage, Merritt and Northington. (ECF Nos. 196, 197, 198.) The Government does not seek the death penalty against Kidada.

The charges against Defendant relate to a long-standing RICO conspiracy involving drug trafficking, murder, and witness intimidation. The Government alleges that all four Defendants were members of a regional criminal organization, which was based in North Philadelphia and was known as the Kaboni Savage Organization ("KSO"). From late 1997 through April 2010, members of the KSO conspired and agreed to distribute large quantities of controlled substances, to commit murder and arson, and to tamper with, and retaliate against, witnesses who had testified, or were about to testify, against the racketeering enterprise or its members. It is alleged that the KSO was committed to protecting and expanding its power, territory, and profits by tampering with and retaliating against Government witnesses and their families through the use of threats, intimidation, violence, and murder.

The Indictment alleges that on March 19, 1998, Defendant shot and killed Kenneth Lassiter at the corner of 8th and Butler Streets in Philadelphia, Pennsylvania "for the purpose of maintaining and increasing position in an enterprise engaged in racketeering activity." (Fourth Superseding Indictment 38-39.) Defendant and Lassiter did not know each other at the time of the incident. (*See* ECF No. 796 at 2.) It is alleged that the two men got into a dispute over a minor traffic accident, after which Defendant pulled out a handgun and shot Lassiter one time in the chest. (*Id*. at 4-5.) The murder occurred on the drug turf of one of Savage's rivals, Tybius Flowers. (*See* ECF No. 796 at 2.) Flowers witnessed the murder. (*Id*. at 4.) The Indictment

2

alleges that, on March 1, 2004, Savage and Northington murdered Flowers in order to prevent him from testifying against Defendant in the state murder trial of Kenneth Lassiter. (Fourth Superseding Indictment 18, 44.)

On December 17, 2012, Savage filed the instant Motion to Preclude the Testimony of Lamont Lewis Regarding the Murder of Kenneth Lassiter. (Def.'s Mot., ECF No. 839 (filed under seal).) On January 15, 2013, the Government filed a Response. (Gov't's Resp., ECF No. 909 (filed under seal).) Trial of Defendants is scheduled for February 4, 2013.

## II. DISCUSSION

Defendant seeks to preclude Government witness Lamont Lewis from testifying at trial about Defendant's motive for killing Kenneth Lassiter. If permitted, Lamont Lewis will testify that Defendant murdered Lassiter at the corner of 8th and Butler streets to send a message to Tybius Flowers, a drug rival, who controlled the business at that corner. Defendant contends that this motive is critical to the Government's burden in establishing that the murder was committed by Defendant as part of "pattern of racketeering activity" because if the murder was instead simply the result of a "fender bender" that escalated into violence, the elements of the crime are not met.[2] Defendant asserts that the Government's only evidence possibly supporting the theory that the murder was accomplished "for the purpose of maintaining and increasing [a] position in an enterprise engaged in racketeering activity," is the lay opinion testimony of Lamont Lewis, which is inadmissible. (Def.'s Mot. 1 (quoting Indictment 38).) Defendant anticipates that

---

[2] Count 2 charges Savage with murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) and (2) for the murder of Kenneth Lassiter. Murder in aid of racketeering occurs when a defendant, "for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders . . . any individual in violation of the laws of any State or the United States, or attempts or conspires to do so." 18 U.S.C. § 1959(a)(1).

3

Lamont Lewis, if permitted, will offer testimony at trial consistent with the opinion he gave to the FBI during a March 30, 2009 interview. (*Id*. at 2.) Lewis's opinion and interview by the FBI were memorialized in an FBI 302 Report, which states:

> LEWIS stated that Savage committed the shooting to send a message to "Tibby" (TYBIUS FLOWERS). LEWIS stated that had this incident happened somewhere else in the city of Philadelphia and not at 8th and Butler, (TYBIUS FLOWERS' drug corner) then LEWIS knows that SAVAGE would not have shot the guy (LASSITER). LEWIS stated that based upon his experience in dealing drugs, people do not normally commit or have other people commit a murder or a shooting on their own drug corner because it will attract police attention and hurt drug sales. LEWIS stated that people will only commit or have others commit murders or shootings on their own drug block if the person they shoot is moving in on their drug territory. LEWIS stated that under these circumstances the shooting is done to protect their drug territory and/or send a message. LEWIS stated that SAVAGE committing the murder at "Tibby's" drug corner would have caused problems for "Tibby" because he would not have been able to distribute cocaine during the police investigation.

(FBI 302 Report, Def.'s Mot. Ex. 2.) Defendant argues that Lamont Lewis's opinion as to Savage's motivation for killing Kenneth Lassiter at the corner of 8th and Butler Streets is inadmissible evidence because it (1) is not based on Lamont Lewis's personal knowledge, in violation of Rule 602 of the Federal Rules of Evidence, and (2) constitutes inadmissible lay opinion testimony in violation of Rule 701 of the Federal Rules of Evidence. (Def.'s Mot. 2-4.)

The Government contends that Defendant's motivation for killing Lassiter proves that the murder was committed in aid of racketeering, and that Lamont Lewis's testimony to this effect is admissible. On May 18, 2011, Lamont Lewis testified before the grand jury that Defendant told him the reasons he shot Lassiter. The Government offers the following excerpt from that testimony:

> Q. Did he say whether he killed the person because it was a parking dispute or whether it was to send a message to Tibby Flowers?
> A. To send a message to Tybius.

4

| | |
|---|---|
| Q. | So, basically, Kaboni Savage admitted that the reason – the real reason or the main reason that he killed the person wasn't because he was mad over a fender bender but because Tibby was – it was to show up Tibby Flowers? |
| A. | Correct. |

(Gov't's Resp. 3-4 (quoting May 18, 2011 Grand Jury Testimony 34).) The Government contends that as a result of Defendant's statement to Lamont Lewis, Lewis's testimony at trial would be based on sufficient personal knowledge and admissible under Rules 602 and 701.

Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The Court has discretion in determining whether a witness has sufficient personal knowledge under Rule 602. *United States v. Lake*, 150 F.3d 269, 273 (3d Cir. 1998). "Although first-hand observation is obviously the most common form of personal knowledge, that is not the only basis for it." *United States v. Christie*, 624 F.3d 558, 568 (3d Cir. 2010) (internal quotation marks omitted); *see also Sheek v. Asia Badger, Inc.*, 235 F.3d 687, 695 (1st Cir. 2000) ("Such [personal] knowledge can include inferences and opinions, so long as they are grounded in personal observations and experience.") (internal quotation marks omitted).

Defendant's argument that Lamont Lewis's testimony should be precluded because Lewis lacks sufficient personal knowledge about the Lassiter murder is meritless. Defendant has failed to mention Lewis's grand jury testimony, which the Government advises was provided to defense counsel as Jencks discovery material. (Gov't's Resp. 3.) As reflected in Lewis's testimony before the grand jury, Defendant told Lewis why Lassiter was killed. Savage's statement to Lewis would constitute non-hearsay as a party admission or a coconspirator admission. *See* Fed. R. Evidence 801(d)(2)(A) (stating that a statement offered against an opposing party and "made by the party in an individual or representative capacity" is not hearsay); Fed. R. Evid.

5

801(d)(2)(E) (stating that a statement "made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay); *see also United States v. Hutchins*, 818 F.2d 322, 327 (5th Cir. 1987) (noting that the defendant's statement was admissible as an admission under Rule 801(d)(2)(A) when offered by the Government against the defendant). Statements that constitute party admissions or coconspirator statements are not subject to the personal knowledge requirement of Rule 602. *See Blackburn v. UPS, Inc.*, 179 F.3d 81, 96 (3d Cir. 1999) ("Admissions by a party-opponent need not be based on personal knowledge to be admitted under Rule 801(d)(2)."); *United States v. Saccoccia*, 58 F.3d 754, 782 (1st Cir. 1995) (noting that statements made by coconspirators are admissible without a showing of personal knowledge); *United States v. Ammar*, 714 F.2d 238, 254 (3d Cir. 1983) (noting that the Advisory Committee Notes to Rule 602 make clear that the personal knowledge foundation requirement was not intended to apply to "admissions (including coconspirator statements) admissible under Rule 801(d)(2)"). Accordingly, Rule 602 does not preclude Lamont Lewis from testifying about Defendant's statement to him that Defendant killed Lassiter "to send a message to Tybius Flowers." Defendant's Motion will therefore be denied.[3]

---

[3] The Government mentions in a footnote, without providing much in the way of explanation or discussion, that Lewis's testimony is also admissible under Rule 701. (Gov't's Resp. 4 n.3.) That rule permits a lay witness to offer an opinion that is (a) "rationally based on the witness's perception," (b) helpful to the jury in determining a fact in issue, and (3) "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. The requirement that the witness' opinion be rationally based on his or her perception "requires that the witness have firsthand knowledge of the factual predicates that form the basis for the opinion." *Gov't of Virgin Is. v. Knight*, 989 F.2d 619, 629 (3d Cir. 1993). However, lay opinion testimony can also be admissible "when the opinion is a conclusion drawn from a series observations over time." 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 701.03 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 2012).

The Court is not in a position to determine at this juncture whether any proposed testimony by Lewis is admissible under Rule 701. To the extent that the Government seeks to

## III. CONCLUSION

For the foregoing reasons, Defendant Kaboni Savage's Motion *in Limine* to Preclude the Testimony of Lamont Lewis Regarding the Murder of Kenneth Lassiter must be denied.

An appropriate Order will follow.

BY THE COURT:


*/s/R. Barclay Surrick*
**U.S. District Judge**

---

elicit an opinion from Lewis that goes beyond the scope of the admission made by Defendant, the Government will first need to lay a proper foundation establishing Lewis's knowledge under Rule 701. In this regard, we reject Defendant's contention that because Lewis did not personally observe the murder, his opinion cannot be based on his "perception" as required by Rule 701. Such a constrained interpretation of Rule 701 finds no support in the case law. *See United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003) (upholding admission of lay witness' testimony about corporate culture and opinion about defendant's mental state in securities fraud prosecution); *United States v. Hoffecker*, 530 F.3d 137, 171 (3d Cir. 2008) (holding that district court did not abuse its discretion by admitting witness opinion that defendant's business was a "scam" when foundation was based upon witness' rational perceptions, the defendant's statements, and the witness' interactions with the defendant).