IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | |
| KABONI SAVAGE | : | NO. 07-550-03 |

**SURRICK, J.**                                                                                                  **JANUARY 31, 2013**

### MEMORANDUM

Presently before the Court is Defendant Kaboni Savage's Motion in Opposition to Anticipated Government Motion to Introduce 404(b) Evidence. (ECF No. 392.) For the following reasons, Defendant's Motion will be denied.

**I.     BACKGROUND[1]**

On May 9, 2012, a federal grand jury returned a seventeen-count Fourth Superseding Indictment (the "Indictment") charging Defendant Kaboni Savage with: conspiracy to participate in the affairs of a racketeering ("RICO") enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); twelve counts of murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Counts 2-7, 10-15); tampering with a witness, in violation of 18 U.S.C. § 1512(a) (Count 8); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 9); retaliating against a witness, in violation of 18 U.S.C. § 1513(a) (Count 16); and using fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1) (Count 17). (Fourth Superseding

---

[1] The factual background of this case is more fully set forth in our June 1, 2012 Memorandum and Order denying Defendant Kaboni Savage's Motion to Dismiss the Indictment on Double Jeopardy Grounds and Motion to Dismiss Count Nine of the Third Superseding Indictment on Double Jeopardy Grounds. (*See* ECF Nos. 507, 508.)

Indictment, ECF No. 480.)[2] Savage was charged along with three co-defendants, Steven Northington, Robert Merritt, and his sister, Kidada Savage. Lamont Lewis was also charged in the First Superseding Indictment. The charges against Lewis were disposed of by guilty plea on April 21, 2011. On March 14, 2011, the Government filed a notice of intent to seek the death penalty against Kaboni Savage, Merritt, and Northington. (ECF Nos. 196, 197, 198.) The Government does not seek the death penalty against Kidada Savage.

On October 9, 2004, six people, including four children, died as a result of arson at a home located at 3256 North Sixth Street, Philadelphia, Pennsylvania. The Indictment alleges that Kaboni Savage and Kidada Savage solicited and ordered Lewis and Merritt to set fire to the home of Eugene Coleman, a former associate of Savage. (Indictment 21-23.) Kaboni Savage believed that Coleman was cooperating with the Government and planned to testify against him in his 2005 federal drug conspiracy trial.[3] The firebombing took the lives of Coleman's mother, infant son, and four other relatives. The Government intends to show at trial that the firebombing was ordered by Savage in order to intimidate Coleman and prevent him from testifying against him at the 2005 drug conspiracy trial.

Savage has filed a Motion in Opposition to Anticipated Government Motion to Introduce 404(b) Evidence. (Def.'s Mot., ECF No. 392.) The Government filed an Omnibus Response in

---

[2] Count 8 of the Fourth Superseding Indictment was dismissed by agreement of the parties. (ECF No. 855.)

[3] Kaboni Savage, Northington, and four other co-defendants not charged in the instant Indictment were prosecuted in the 2005 drug conspiracy case. After a seven-week trial, Savage was found guilty of conspiracy to manufacture and distribute cocaine, money laundering, firearms possession, witness retaliation and other crimes. Coleman testified at that trial. Savage received a sentence of thirty years in prison on these convictions.

Opposition. (Gov't's Resp., ECF No. 462.) We held a hearing on the pretrial motions. At that hearing, the parties presented additional argument on the Motion.

## II. DISCUSSION

Kaboni Savage seeks to prohibit the Government from introducing evidence of uncharged, prior bad acts arguing that such evidence would be prejudicial surplusage. (Def.'s Mot. 3-4.) In its Response, the Government argues that all of the overt acts charged by the grand jury in the Indictment constitute intrinsic evidence committed in furtherance of the RICO conspiracy and that all of the remaining evidence that the Government intends to introduce consists of predicate acts. (Gov't's Resp. 2.)

### A. Rule 404(b)

Under the Federal Rules of Evidence:

> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose . . . On request by the defendant in a criminal case, the prosecutor must provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial . . . before trial . . . .

Fed. R. Evid. 404(b).

Accordingly, parties may not introduce "evidence of extrinsic acts that might adversely reflect on the actor's character, unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Rule 404(b) is inclusionary and favors admissibility. *See United States v. Long*, 574 F.2d 761, 765-66 (3d Cir. 1978) (discussing "exclusionary" and "inclusionary" approaches of different circuits prior to adoption of Rule 404(b)). The primary purpose of Rule 404(b) is "simply to

keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence." *United States v. Taylor*, 522 F.3d 731, 735 (7th Cir. 2008) (internal citation omitted).

If the evidence to be admitted is deemed extrinsic under Rule 404(b), the court must determine whether the evidence satisfies a four-part standard for admissibility. *See United States v. Butch*, 256 F.3d 171, 175-76 (3d Cir. 2001) (citing *United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999). To be admissible under Rule 404(b), evidence must: (1) have a proper evidentiary purpose; (2) be relevant under Federal Rule of Evidence 402[4]; (3) contain a probative value that outweighs its prejudicial effect under Federal Rule of Evidence 403[5]; and (4) be accompanied by an appropriate limiting instruction.[6] *See Huddleston*, 485 U.S. at 691-92; *United States v. Scarfo*, 850 F.2d 1015, 1019 (3d Cir. 1988) (applying *Huddleston* four-part test in the Third Circuit).

### B. Extrinsic and Intrinsic Evidence

---

[4] Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the United States Constitution, a federal statute, these rules, or other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible." Fed. R. Evid. 402.

[5] Federal Rule of Evidence 403 reads that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice; confusing the issues; misleading the jury; undue delay; wasting time; or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

[6] Federal Rule of Evidence 105 provides that "[i]f the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury." Fed. R. Evid. 105.

When the Government seeks to admit evidence that is extrinsic to the charged offenses, courts must perform an inquiry under Rule 404(b). *United States v. Green*, 617 F.3d 233, 240-45 (3d Cir. 2010) (providing comprehensive history of treatment of bad character evidence in British and American legal systems). This inquiry need not be performed for evidence that is intrinsic to, or part and parcel of, the charged offenses. *Id.* at 245; *see also United States v. Haas*, 184 F. App'x 230, 234 (3d Cir. 2006) (noting that intrinsic evidence is exempt from a Rule 404(b) analysis).[7] Most circuits define intrinsic evidence as evidence that is "inextricably intertwined" with the charged offense. *Green*, 617 F.3d at 245 (citing *United States v. Cross*, 308 F.3d 308, 320 (3d Cir. 2002) (criticizing the "inextricably intertwined" standard as "a definition that elucidates little")); *see, e.g.*, *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012); *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009); *United States v. DeGeorge*, 380 F.3d 1203, 1219-20 (9th Cir. 2004); *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000); *Bowie*, 232 F.3d at 927-29. In *Green*, the Third Circuit Court of Appeals renounced the "inextricably intertwined" standard, finding it "vague, overbroad, and prone to abuse . . . ." *Green*, 617 F.3d at 248.

Rather, in the Third Circuit, evidence is intrinsic if it fits into either of two narrow categories. First, evidence is intrinsic, and a Rule 404(b) analysis is unnecessary, if the evidence directly proves the charged offense. *Id.* (citing *Cross*, 308 F.3d at 320, *United States v. Gibbs*,

---

[7] In practice, there are only two differences between intrinsic and extrinsic evidence — intrinsic evidence does not require advanced notice of the acts to be admitted into evidence to be provided to the defense and the court need not issue a limiting instruction to ameliorate the taint of the evidence. *Green*, 617 F.3d at 247-48. Intrinsic evidence still must, however, be relevant, survive a Rule 403 balancing test, and be probative of something other than the defendant's criminal propensity. *Id.* (citing *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000)).

190 F.3d 188, 218 (3d Cir. 1999)); *see also United States v. Benjamin*, 125 F. App'x 438, 441 (3d Cir. 2005) (affirming district court ruling regarding intrinsic nature of uncharged evidence of fraud). Evidence of uncharged misconduct, which directly proves the charged offense is not evidence of some "other" crime. *Green*, 617 F.3d at 248 (citing *Gibbs*, 190 F.3d at 218). Second, evidence is intrinsic if it constitutes "'uncharged acts performed contemporaneously with the charged crime' that 'facilitate the commission of the charged crime.'" *United States v. Shelow*, No. 10-0037, 2011 WL 6130974, at *3 (E.D. Pa. Dec. 9, 2011) (quoting *Green*, 617 F.3d at 249).

In the context of a conspiracy case, "acts are intrinsic when they directly prove the charged conspiracy." *Cross*, 308 F.3d at 320. Specifically, in the RICO context, "[s]ince proof of a pattern of racketeering activity (i.e., proving two or more racketeering acts) is necessary to establish a RICO violation, evidence of co-conspirators in a predicate conspiracy constitutes direct evidence of the charged offense and it is therefore admissible to prove the charged RICO violation." *United States v. Irizarry*, 341 F.3d 273, 296 (3d Cir. 2003) (internal citations omitted); *see also Gibbs*, 190 F.3d at 217 (finding that district court did not abuse its discretion in permitting evidence of uncharged acts of violence, which furthered a cocaine conspiracy); *Cross*, 308 F.3d at 320 (finding that appellant's involvement in price-fixing was outside the civil rights conspiracy and subject to a Rule 404(b) analysis); *United States v. Morrow*, No. 04-355, 2005 WL 3159572, at *26-28 (D.D.C. Apr. 7, 2005) (finding "inextricably intertwined" intrinsic evidence admissible in RICO conspiracy prosecution). Essentially, evidence of acts that are part of the RICO conspiracy is intrinsic evidence.

Here, Defendant Savage asks the Court to prohibit the introduction of yet to be determined evidence that the Government might seek to use at trial, deeming such evidence extrinsic and prejudicial. In response, the Government contends that such an exercise is unnecessary as it does not have any extrinsic evidence that it intends to introduce at trial. (June 12, 2012 Hr'g Tr. 40 (on file with Court).) The Government represents that the evidence to be admitted all relates to predicate acts to the RICO conspiracy and Defendants' acts in furtherance of the Kaboni Savage Organization ("KSO"). (*Id.* at 41.) Count One of the Indictment charges Defendants with a conspiracy to participate in a criminal enterprise in violation of RICO. (*See* Indictment.) Specifically, the grand jury charged Defendants with, *inter alia*, conspiring and agreeing to distribute, and to possess, controlled substances, and murdering a number of individuals, including witnesses and witnesses' family members, all in service of the KSO. (*Id.*) Defendant Savage acknowledges that the acts alleged in the Indictment are admissible at trial as intrinsic evidence. (June 12 Hr'g Tr. 91.) With regard to evidence from outside the Indictment, the Government indicated that the only overt acts it intends to introduce at trial are those that prove the charged offenses, namely the existence and furtherance of the RICO conspiracy. (*Id.* at 92.)

Defendant has failed to direct our attention to any evidence that the Government will present that is extrinsic and therefore subject to a 404(b) analysis. The Government advises that it intends to offer no such evidence. Accordingly, there is nothing for this Court to decide. Defendant's Motion will be denied.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion in Opposition to Anticipated Government Motion to Introduce 404(b) Evidence will be denied.

An appropriate Order will follow.

BY THE COURT:


*/s/R. Barclay Surrick*
**U.S. District Judge**