IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 07-550-06** |
| **KIDADA SAVAGE**<br>    a/k/a "Da"<br>    a/k/a "Li'l Sis"<br>    a/k/a "Dizmatic" | :<br><br>: | |

**UNITED STATES' MOTION FOR
JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and J. Alvin Stout, III, David E. Troyer, and John Gallagher, Assistant United States Attorneys, respectfully requests entry of a judgment and preliminary order of forfeiture, and in support of this motion, the United States represents as follows:

1.  On June 22, 2011, this defendant was charged by a Second Superseding Indictment with conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1), murder in aid of racketeering, and aiding and abetting, in violation of 18 U.S.C. §§ 1959(a)(1), 2 (Counts 10-15), retaliating against a witness, and aiding and abetting, in violation of 18 U.S.C. §§ 1513, 2 (Count 16), and using fire to commit a felony, and aiding and abetting, in violation of 18 U.S.C. §§ 844(h)(1), 2 (Count 17).  On February 3, 2012, the government filed a Bill of Particulars to the Second Superseding Indictment, that alleged that defendant's interest in certain property was forfeitable pursuant to 18 U.S.C. § 1963(a)(3) as a result of the conspiracy to participate in a racketeering enterprise charge (Count 1).

2. On May 13, 2013, the defendant was found guilty by a jury on Counts 1 and 10 through 17.

3. As a result of the guilty verdict, the defendant is required, pursuant to 18 U.S.C. § 1963(a)(3) to criminally forfeit her interest in any property constituting, or derived from, any proceeds which the person obtained directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962 of Title 18.

4. Based upon facts set forth during the trial, the government submits that the following property is subject to forfeiture as a result of the defendant's guilt as to Count 1 of the Second Superseding Indictment, and that the government has established the requisite nexus between such property and the offense:

    A. 1 (one) 2005 Nissan Altima, VIN #1N4AL11D95C171022, seized on or about June 22, 2011;

5. The government seeks an order forfeiting defendant's interest in property subject to forfeiture, as described in paragraph 4 above.

6. The government requests authority to seize the property described above, not already in the government's custody, if necessary to protect the interests of the United States in the property, pursuant to 18 U.S.C. §1963(e).

7. The government requests authority to conduct discovery, undertake publication of the forfeiture order and notify potential third-party claimants, pursuant to Fed.R.Crim.Proc. 32.2(b)(3), (b)(6) and (c)(1)(B) and 18 U.S.C. § 1963(l)(1).

For the reasons stated above, the government requests that this Court enter the attached Order.

                Respectfully submitted,

                ZANE DAVID MEMEGER
                United States Attorney


                /s/ J. Alvin Stout, III
                J. ALVIN STOUT, III
                Assistant United States Attorney
                Chief, Asset Forfeiture


                /s/ David E. Troyer
                DAVID E. TROYER
                Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 07-550-06 |
| KIDADA SAVAGE<br>    a/k/a "Da"<br>    a/k/a "Li'l Sis"<br>    a/k/a "Dizmatic" | :<br><br>: | |

**JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty verdict, rendered on May 13, 2013, the defendant is required, pursuant to 18 U.S.C. § 1963(a)(3), to criminally forfeit her interest in any property constituting, or derived from, any proceeds which the person obtained directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962 of Title 18.

2. The Court has determined that the following property is subject to forfeiture as a result of the guilty verdict as to the illegal acts contained in Count One of the Second Superseding Indictment, and that the government has established the requisite nexus between such property and such offense, that is, conspiracy to participate in a racketeering enterprise:

> A. **1 (one) 2005 Nissan Altima, VIN #1N4AL11D95C171022, seized on or about June 22, 2011;**

3. Upon entry of this Order, the United States is authorized to seize the property described in paragraph 2 above that is not already in the government's custody, and conduct any discovery necessary to dispose of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4. Pursuant to 18 U.S.C. § 1963(l)(1), the United States shall, upon entry of this Order, post on an official internet government forfeiture site ([www.forfeiture.gov](www.forfeiture.gov)) [http://www.forfeiture.gov](http://www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the government's intent to dispose of the property in such manner as the Attorney General may direct. This notice shall state that any person, other than the defendant, having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty-five (35) days of the receipt of actual notice or within sixty (60) days after the first day of publication on the official internet government forfeiture site.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim, and the relief sought.

5. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is subject to this Judgment and Preliminary Order of Forfeiture, or to their attorney, if they are represented, as a substitute for published notice as to those persons so notified. If direct written notice is provided, any person having or claiming a legal interest in any of the property subject to this Order must file a petition with the Court within thirty (30) days after the notice is received.

6. Any person, other than defendant, asserting a legal interest in the subject property may, within the time periods described above for notice by publication and for direct written notice, petition the court for a hearing, without a jury, to adjudicate the validity of his alleged

interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 18 U.S.C. § 19633(l)(2).

7. Pursuant to Fed.R.Crim.P. 32.2(b)(4), this Judgment and Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and must be made part of the sentence and included in the judgment.  See United States v. Bennett, 423 F.3d. 271 (3d Cir. 2005)(to be effective, a forfeiture order must be included in sentence and judgment).

8. After the disposition of any petition filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

11. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to the United States Marshals Service and to counsel for the parties.

ORDERED this            day of                        , 2014.

_____
HON. R. BARCLAY SURRICK
*Judge, United States District Court*

CERTIFICATE OF SERVICE

The foregoing Motion for Judgment and Preliminary Order of Forfeiture, and proposed Order will be served electronically through the District Court Electronic Case System upon:

        Teresa Whalen, Esq.
        801 Wayne Avenue, Suite 400
        Silver Spring, MD 20910

        /s/ David E. Troyer
        DAVID E. TROYER
        Assistant United States Attorney

Date: February 19, 2014