**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KABONI SAVAGE,** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |

---

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR
APPOINTMENT OF COUNSEL**

---

Kaboni Savage, a federal prisoner under sentence of death, hereby moves, with the consent of the United States, for appointment of the Federal Public Defender's Offices for the Western District of Pennsylvania and Southern District of Ohio to represent him as co-counsel in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In support of this motion, and via undersigned counsel, Mr. Savage asserts the following:

1. Mr. Savage was convicted by jury trial in this Court of 16 charges, including conspiracy to participate in a racketeering enterprise, 12 counts of murder in aid of racketeering activity, tampering with a witness, retaliating against a witness, and using fire to commit a felony. (Doc. 1329.) Following a capital sentencing hearing, the jury sentenced Mr. Savage to death on each of the 13 capital counts, which this Court imposed on June 3, 2013. (Doc. 1433, 1443.) The Third Circuit Court of Appeals entered judgment affirming his convictions and death sentences on August 11, 2020. *United States v. Savage*, 970 F.3d 217 (3d Cir. 2020). Mr. Savage timely

1

filed a petition for certiorari review in the United States Supreme Court on March 29, 2021. *See Savage v. United States,* No. 20-1389. The Government's Brief in Opposition to that petition is currently due on September 7, 2021. If the petition is denied, as the majority are,[1] Mr. Savage will have just one year within which to file a motion for relief under 28 U.S.C. § 2255. Thus, prompt appointment of counsel for federal post-conviction proceedings is appropriate and necessary in this case.

2.  Mr. Savage wishes to file a motion for relief from conviction and judgment pursuant to 28 U.S.C. § 2255. He has not previously filed any such motion. Mr. Savage cannot investigate, prepare, or present the claims available to him without the assistance of qualified counsel. Mr. Savage is entitled to the appointment of post-conviction counsel pursuant to 18 U.S.C. § 3599(a)(2), which grants qualified applicants "a mandatory right to qualified legal counsel" for purposes of such a motion. *McFarland v. Scott*, 512 U.S. 849, 854 (1994). *See also* Guide to Judiciary Policy, Vol. VII, Ch. VI, § 620.10.20(A) ("A financially eligible person seeking to vacate or set aside a death sentence in proceedings under 28 U.S.C. § 2254 or § 2255 is entitled to appointment of one or more qualified attorneys.").

3.  Mr. Savage qualifies for appointed counsel because he is "financially unable to obtain adequate representation or investigative, expert or other reasonably necessary services" in post-conviction proceedings. 18 U.S.C. § 3599(a)(2). As the Court is aware, Mr. Savage was found indigent before trial, and has been represented by court-appointed counsel throughout these

---

[1] The United States Supreme Court grants fewer than 1% of the petitions for certiorari filed each term. *See* Public Information Office Supreme Court of the United States, *A Reporter's Guide to Applications Pending Before The Supreme Court of the United States*, at 15–16, available at https://www.supremecourt.gov/publicinfo/reportersguide.pdf.

proceedings. (Doc. 81, 95, 127.) Mr. Savage remains incarcerated and his financial situation has not changed.

4.  At present, Mr. Savage has no counsel appointed for the purpose of investigating, preparing, and filing his § 2255 motion. Mr. Savage intends to explore whether he received constitutionally ineffective assistance of counsel at trial and on appeal, which trial and appellate counsel cannot do. Specifically, current appellate counsel (Lawrence S. Lustberg, Barry J. Fisher and Madeline S. Cohen) were appointed for purposes of the direct appeal, but would be laboring under a conflict given that Mr. Savage has the right to consider whether appellate, as well as trial counsel, were ineffective in their representation of him; for this reason, they unfortunately cannot remain for the next stage of the proceedings. Under these circumstances, new counsel is routinely appointed.[2] Indeed, counsel in capital cases may always be "replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant." 18 U.S.C. § 3599(e). This is such a motion. The above-listed current appellate counsel each have substantial capital experience, and, as discussed below, proposed post-conviction counsel are certainly "similarly qualified."

---

[2] To illustrate, in each of the following cases the district court appointed new counsel for § 2255 proceedings: *United States v. Mikhel, et al*, No. 2:02-cr-00220-MCS-2 (C.D. Ca. Jul. 18, 2019); *United States v. Torrez,* No. 1:11-cr-00115-LO-1 (E.D. Va Oct. 19, 2018); *United States v. Taylor,* No. 1:04-CR-160-1 (E.D. Tenn. July 21, 2017); *United States v. Lighty,* No. 8:03-cr-00457-PJM-1 (D. Md. May 16, 2011); *United States v. Caro,* No. 1:06-cr-00001 (W.D. Va. May 11, 2011); *U.S. v. Snarr,* No. 1:09-cr-00015-MAC-KFG-1 (E.D. Tex. Dec. 20, 2013); *United States v. Garcia,* No. 1:09-cr-00015-MAC-KFG-2 (E.D. Tex. Dec. 20, 2013); *United States v. Ebron,* No. 1:08-cr-00036-MAC-ESH (E.D. Tex. Mar. 12, 2013); *United States v. Basham,* No. 4:02-cr-0992-JFA (D.S.C. Sept. 18, 2009); *United States v. Fell,* No. 5:01-cr-00012-gwc-1 (D. Vt. Dec. 17, 2009); *United States v. Johnson,* No. 01-cr-3046-MWB (N.D. Iowa Aug. 11, 2008).

5. Appointing post-conviction counsel now is necessary for a smooth transition to the post-conviction legal team, and to protect Mr. Savage's constitutional rights. It is common practice in capital § 2255 cases to have post-conviction counsel in place before the statute of limitations begins to run. [3] Indeed it is without question that capital defendants are entitled to "preapplication legal assistance" in investigating and preparing their post-conviction claims. *McFarland*, 512 U.S. at 855. *See also id.* at 855–56 (explaining need for counsel to assist prior to filing of petition). Moreover, the Criminal Justice Act Plan for this Court supports the immediate appointment of counsel as well, providing that "[i]n light of the accelerated timeline applicable to capital § 2255 proceedings, prompt appointment of counsel is essential.

---

[3] *See*, *e.g.*, *Kadamovas v. United States,* 140 S. Ct. 157 (2019) (denying cert. Oct. 7, 2019); *United States v. Mikhel, et al*, No. 2:02-cr-00220-MCS-2 (C.D. Ca. Jul. 18, 2019) (appointing Kadamovas counsel); *Torrez v. United States*, 139 S. Ct. 2712 (2019) (denying cert. Jun. 17, 2019); *United States v. Torrez*, No. 1:11-cr-00115-LO-1 (E.D. Va Oct. 19, 2018) (appointing counsel); *Taylor v. United States,* 138 S. Ct. 1975 (2018) (denying cert. May 14, 2018); *United States v. Taylor,* No. 1:04-CR-160-1 (E.D. Tenn. July 21, 2017) (appointing counsel conditional on denial of cert.); *Umana v. United States,* 135 S. Ct. 2856 (2015) (denying cert. June 22, 2015); *United States v. Umana,* No. 3:08-CR-00134 (W.D.N.C. June 3, 2015) (appointing counsel conditional on denial of cert.); *Lighty v. United States,* 132 S. Ct. 451 (2011) (denying cert. Oct. 17, 2011); *United States v. Lighty,* No. 8:03-cr-00457-PJM-1 (D. Md. May 17, 2011) (appointing counsel); *Snarr v. United States,* 134 S. Ct. 1274 (2014) (denying cert. Feb. 24, 2014); *U.S. v. Snarr,* No. 1:09-cr-00015-MAC-KFG-1 (E.D. Tex. Dec. 20, 2013) (R. Doc. 424) (appointing counsel); *Garcia v. United States,* 134 S. Ct. 1273 (2014) (denying cert. Feb. 24, 2014); *United States v. Garcia,* No. 1:09-cr-00015-MAC-KFG-2 (E.D. Tex. Dec. 20, 2013) (appointing counsel); *Caro v. United States,* 132 S. Ct. 996 (2012) (denying cert. Jan. 9, 2012); *United States v. Caro,* No. 1:06-cr-00001 (W.D. Va. May 11, 2011) (R. Doc. 768) (appointing counsel); *Ebron v. United States,* 134 S. Ct. 512 (2013) (denying cert. Nov. 3, 2013); *United States v. Ebron,* No. 1:08-cr-00036-MAC-ESH (E.D. Tex. Mar. 12, 2013) (R. Doc. 309) (appointing counsel); *Basham v. United States,* 560 U.S. 938 (2010) (denying cert. June 1, 2010); *United States v. Basham,* No. 4:02-cr-0992-JFA (D.S.C. Sept. 18, 2009) (R. Doc. 1247) (appointing counsel conditional on denial of cert.); *Fell v. United States,* 559 U.S. 1031 (2010) (denying cert. Mar. 22, 2010); *United States v. Fell,* No. 5:01-cr-00012-gwc-1 (D. Vt. Dec. 17, 2009) (appointing counsel) (R. Doc. 278); *Johnson v. United States,* 555 U.S. 828 (2008) (denying cert. Oct. 6, 2008); *United States v. Johnson,* No. 01-cr-3046-MWB (N.D. Iowa Aug. 11, 2008) (R. Doc. 749) (appointing counsel).

Wherever possible, appointment should take place *prior to denial of certiorari* on direct appeal by the United States Supreme Court." United States District Court for the Eastern District of Pennsylvania, *Criminal Justice Act Plan*, XIV(E)(2) (2017) (emphasis added).[4]

6. This case is, as this Court well knows, unusually complex. Mr. Savage's trial involved four defendants and lasted almost six months from the beginning of jury selection to the penalty phase verdict. Jury selection took 30 court days, the guilt phase of the trial took 55 court days and the penalty phase another 6 days. There are over 30,000 pages of court transcripts and 1700 docket entries from the proceedings in this Court. After the notice of appeal was filed in 2014, four years were required for Mr. Savage's counsel to review the record and to file a brief based solely on the extensive record.

7. Mr. Savage's counsel for his § 2255 proceedings will not only need to obtain, review, and become familiar with the extensive record, but also will be tasked with conducting an independent investigation to raise claims, including claims of ineffective assistance of trial counsel, that are necessarily based on facts outside the existing record and that could not be raised on direct appeal. *See* Fed. R. App. P. 10. *See also Massaro v. United States*, 538 U.S. 500, 504 (2003) (because claims of ineffective assistance of counsel claims are typically based on evidence outside the record, they typically should be brought in § 2255 motions). Investigation will be especially challenging because of the ongoing COVID epidemic and because Mr. Savage is incarcerated in the ADMAX prison in Florence, Colorado and subject to severe limitations on his ability to communicate with others, including counsel. Given the possibility (and statistically high probability) that the AEDPA statute of limitations will begin

---

[4] Available at https://www.paed.uscourts.gov/documents/cja/CJA%20Plan.pdf

running in October, it is essential that Mr. Savage obtain the assistance of qualified § 2255 counsel as soon as practicable.

8.  As this Court is aware, capital post-conviction litigation requires specialized knowledge and experience. *See*, *e.g.*, 21 U.S.C. § 848(q)(4)(B)(7) (acknowledging the unique and complex nature of capital habeas litigation); *McFarland*, 512 U.S. at 856–57 (noting that "this Court's death penalty jurisprudence unquestionably is difficult even for a trained lawyer to master" (quoting *Murray v. Giarratano*, 492 U.S. 1, 28 (1989)).

9.  The Capital Habeas Units within the Federal Public Defender system are uniquely qualified to conduct the specialized work necessary to investigate, develop, and prepare a § 2255 motion. The vast majority of federal death row prisoners are represented by at least one such unit in their post-conviction proceedings.[5] However, the Federal Community Defender's Office for the Eastern District of Pennsylvania has a direct conflict, having represented one of Mr. Savage's co-defendants in case number 04-cr-00269 in this Court, the drug conspiracy case that was deeply intertwined with this capital case. That office's Capital Habeas Unit therefore has a conflict that precludes it from representing Mr. Savage in his § 2255 proceedings.

---

[5] To illustrate, in each of the following cases, the district court appointed a Federal Public Defender's Office for § 2255 proceedings: *United States v. Mikhel, et al*, No. 2:02-cr-00220-MCS-2 (C.D. Ca. Jul. 18, 2019); *United States v. Torrez*, No. 1:11-cr-00115-LO-1 (E.D. Va Oct. 19, 2018); *United States v. Taylor,* No. 1:04-CR-160-1 (E.D. Tenn. July 21, 2017); *United States v. Umana,* No. 3:08-CR-00134 (W.D.N.C. June 3, 2015); *United States v. Lighty,* No. 8:03-cr-00457-PJM-1 (D. Md. May 16, 2011); *United States v. Caro,* No. 1:06-cr-00001 (W.D. Va. May 11, 2011) (R. Doc. 768); *U.S. v. Snarr,* No. 1:09-cr-00015-MAC-KFG-1 (E.D. Tex. Dec. 20, 2013); *United States v. Garcia,* No. 1:09-cr-00015-MAC-KFG-2 (E.D. Tex. Dec. 20, 2013); *United States v. Ebron,* No. 1:08-cr-00036-MAC-ESH (E.D. Tex. Mar. 12, 2013); *United States v. Basham,* No. 4:02-cr-0992-JFA (D.S.C. Sept. 18, 2009).

6

10. The Criminal Justice Act Plan authorizes this Court to appoint out-of-district federal defender organizations with Capital Habeas Units in this situation. *See* United States District Court for the Eastern District of Pennsylvania, *Criminal Justice Act Plan*, XIV(E)(4) (2017). Neither of the proposed offices have a conflict in this case.

11. The appointment provision of § 3599 requires appointment of at least one counsel who has been admitted to practice in the courts of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. 18 U.S.C. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d). Proposed counsel has specialized knowledge and experience in this area and meet the requirements in § 3599(c).

12. The appointment of two attorneys is consistent with well-established practice and judicial guidelines. *See*, *e.g.*, Guide to Judiciary Policies and Procedures, Vol. VII, Ch. VI, § 620.10.20 ("judicial officers should consider appointing at least two attorneys" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings"). Undersigned counsel is informed that federal district courts across the country have routinely approved the appointment of two and sometimes multiple attorneys in capital § 2255 cases. Further, the complex and extensive nature of Mr. Savage's case—stemming from an approximately six-month-long trial involving approximately 120 witnesses and resulting in 13 death sentences—necessitates *at least* two attorneys; indeed, Mr. Savage was represented by three appointed attorneys on direct appeal, and they were assisted by other attorneys from the offices of Mr. Lustberg and Mr. Fisher.

13. Mr. Savage respectfully requests that this Court appoint the Federal Public Defender's Offices in the Western District of Pennsylvania and in the Southern District of Ohio to represent him for post-conviction proceedings. The rules provide for appointment of the Office of the Federal Defender itself. *See* United States District Court for the Eastern District of Pennsylvania, *Criminal Justice Act Plan*, VII(F) (2017). It is my understanding that, if appointed, Assistant Federal Public Defender Kathryn Bailey would appear from the Western District of Pennsylvania on Mr. Savage's behalf, and Supervisory Assistant Federal Public Defender Natalie Olmstead would appear from the Southern District of Ohio on Mr. Savage's behalf.

14. These attorneys and their respective offices are proposed pursuant to the recommendation of the Federal Capital Habeas Project, which was created by the Administrative Office of the United States Courts in 2006 to help identify qualified counsel for appointment in capital § 2255 cases. The Project has identified and recommended qualified counsel in nearly every capital § 2255 case since its inception.

15. The Federal Public Defender's Office for the Western District of Pennsylvania has a dedicated Capital Habeas Unit with an extensive capital, post-conviction practice. It is my understanding that the Unit currently represents capital habeas clients in all three federal district courts in Pennsylvania, the Third Circuit Court of Appeals, the Eighth Circuit Court of Appeals, and the Sixth Circuit Court of Appeals. The Office also represents a federal capital trial client in the Northern District of West Virginia and non-capital habeas clients throughout federal courts in Pennsylvania.

16. Kathryn Bailey would appear on this case for the Federal Public Defender's Office for the Western District of Pennsylvania. It is my understanding that Ms. Bailey has been licensed to practice law since 2010. She is admitted to the bars of the Commonwealth of Pennsylvania, the United States District Court for the Western District of Pennsylvania, the United States

Court of Appeals for the Third Circuit, and the United States Court of Appeals for the Sixth Circuit; she remains in good standing with all of them. Further, she has experience with cases in the United States District Court for the Eastern District of Pennsylvania, where she has represented three death-sentenced petitioners in habeas proceedings under 28 U.S.C. § 2254.

17. It is my understanding that Ms. Bailey has extensive training and experience representing death-sentenced petitioners and other defendants convicted of serious felonies, almost exclusively homicides. She has represented death-sentenced and life-sentenced clients in federal and state courts since 2012. This representation has included proceedings brought pursuant to 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as both capital and non-capital state post-conviction proceedings, among others. Ms. Bailey's practice includes the drafting and filing of petitions for writs of habeas corpus, the filing of appellate briefs, oral arguments, evidentiary hearings, and the drafting of petitions for certiorari in the United States Supreme Court.

18. It is my understanding that Ms. Bailey has been assigned to represent one death-sentenced petitioner in habeas proceedings originating in the United States District Court for the Middle District of Pennsylvania and three death-sentenced petitioners in habeas proceedings originating in United States District Court for the Eastern District of Pennsylvania. Ms. Bailey currently also represents one of those petitioners in his non-capital § 2255 proceedings. The § 2255 action arose out of a multi-defendant federal drug conspiracy case tried in Philadelphia for which her client received a sentence of life imprisonment plus thirty years after a murderous conduct enhancement was applied. As a result, Ms. Bailey has spent significant periods of time investigating drug-related homicides in Philadelphia, New Jersey, and eastern Pennsylvania.

9

19. It is my understanding that, since 2012, Ms. Bailey's primary area of practice has been habeas corpus law. Ms. Bailey also has taught a death penalty course at the University of Pittsburgh School of Law.

20. The Federal Public Defender's Office for the Southern District of Ohio also has a dedicated Capital Habeas Unit with an extensive capital, post-conviction practice. It is my understanding that the Unit currently represents capital post-conviction clients in both of Ohio's federal districts, and in out-of-state cases from Tennessee, Kansas, and Arizona. The Unit also currently has an investigator, who would be assigned to Mr. Savage's case, with extensive investigative experience in Philadelphia and the surrounding areas.

21. It is my understanding that Natalie Olmstead would appear on this case for the Federal Public Defender's Office for the Southern District of Ohio, where she is the Chief of the Capital Habeas Unit. She has been licensed to practice law since 2009. She is admitted to the bars of Connecticut, Alabama, and Ohio, and in the following federal courts: United States Supreme Court, United States Court of Appeals for the Sixth Circuit, United States Court of Appeals for the Second Circuit, United States Court of Appeals for the Eleventh Circuit, Federal District Court for the Southern District of Ohio, Federal District Court for the Northern District of Ohio, Federal District Court for the District of Connecticut, Federal District Court for the Western District of Tennessee and this Court, Federal District Court for the Eastern District of Pennsylvania. She remains in good standing with regard to all of those admissions.

22. It is my understanding that Ms. Olmstead has extensive training and experience representing people sentenced to death and others convicted of serious felonies. She has represented death-sentenced clients in federal court since 2016. This representation has included drafting and filing habeas petitions under 28 U.S.C. § 2254, drafting briefs and arguing cases in the Eleventh Circuit, and drafting and filing petitions for certiorari in the United State Supreme Court. Ms.

10

Olmstead has also represented a client in non-capital habeas proceedings pursuant to 28 U.S.C. § 2255. She has been co-counsel in one non-capital federal trial and co-counsel in the pre-trial stage of one potential federal death penalty case (although one in which the government ultimately decided not to seek death).

23. It is my understanding that, prior to 2016, Ms. Olmstead was employed by the Connecticut Innocence Project/Post-Conviction Unit, primarily filing and litigating petitions for a writ of habeas corpus. Since 2011, her primary area of practice has been habeas corpus law. Ms. Olmstead has also taught a law school course on federal habeas corpus.

24. Appointment of these offices will provide Mr. Savage with experienced and qualified post-conviction counsel with the staff and resources necessary to undertake representation in this complex case without requesting additional funds from this Court. Specifically, Federal Defender Offices have in-house resources, staffing, and infrastructure, all of which facilitate the management and processing of voluminous records and the handling of multiple tasks within short periods of time in a cost-effective manner. Further, the administrative burden on this Court will be eased by the fact that any necessary investigators and experts will be paid from the Federal Defender Offices' budgets.

25. The extensive and complex nature of this case necessitates the appointment of both Federal Defender Offices. As noted, Mr. Savage's trial lasted about six months and resulted in convictions on 16 felony counts and 13 death sentences. More than 120 witnesses testified in the guilt and sentencing trials. While each office has considerable experience in the litigation of capital habeas cases, it is my understanding that neither office currently has the resources to adequately investigate, prepare, and present a § 2255 motion within the one-year timeline without the assistance of a second office. The Capital Habeas Project approached both offices, and recommended that the case be handled between the two offices. Both offices are willing

11

and able to collaborate despite being in separate locations, and they have the technological ability and support to do so.

26. It is my understanding that proposed counsel will take any necessary steps for admission to this Court when appropriate.

27. Current appellate counsel have discussed the potential appointment of proposed counsel with Mr. Savage, and Mr. Savage agrees with this motion and wishes to have proposed counsel appointed.

28. Consistent with administrative protocols, both Federal Defender Offices have sought permission from the Administrative Office of the United States Courts' Defender Services Office (DSO) to apply to this Court for out-of-district appointment. The Chief Judges of both the Third and Sixth Circuits have been notified, and have no objection.

29. As indicated, current appellate counsel (Lawrence S. Lustberg, Esq) contacted Assistant United States Attorney Robert A. Zauzmer, counsel for the Government on Mr. Savage's appeal, who graciously stated that he has no objection to this motion.

Respectfully submitted,

Dated:  September 3, 2021                    By:  s/Scott J. Etish

Scott J. Etish, Esq.
**GIBBONS P.C.**
One Logan Square
130 North 18th Street, Suite 1210
Philadelphia, Pennsylvania 19103
(215) 665-0400
setish@gibbonslaw.com

Lawrence S. Lustberg, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ 07102
(973) 596-4731
LLustberg@gibbonslaw.com

*Attorneys for Defendant*
*Kaboni Savage*

12