# EXHIBITS A-B

Provided by Email

# EXHIBIT C

## Natalie Olmstead

**From:**     Troyer, David (USAPAE) <David.Troyer@usdoj.gov>
**Sent:**     Sunday, October 31, 2021 10:31 AM
**To:**       Natalie Olmstead
**Subject:**  Re: [EXTERNAL] RE: Kaboni Savage - 2:07-CR-00550 - SAMs question

Natalie: Sure, no problem. It's been a frequent topic of discussion.
Dave T

Sent from my iPhone

> On Oct 31, 2021, at 9:03 AM, Natalie Olmstead <Natalie_Olmstead@fd.org> wrote:

Thanks Dave. I was wondering if you would be available for a phone call sometime next week (I am out of town this week.) I was hoping you could give me some background on the SAMs and the prior discussions you have had. As I mentioned, this is the first time I have had a client on SAMs so I am new to the process. Let me know if you are available.

Thanks,

Natalie

**From:** Troyer, David (USAPAE) <David.Troyer@usdoj.gov>
**Sent:** Friday, October 29, 2021 12:36 PM
**To:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Subject:** RE: Kaboni Savage - 2:07-CR-00550 - SAMs question

Good afternoon, Attorney Olmstead.  I have forwarded your request to OEO and am awaiting a response.  This issue has been discussed at some considerable length in years past.  I am not inclined to favor this modification request, but will await some guidance from OEO.
Dave T

David E. Troyer
Assistant United States Attorney
Chief, Government Fraud, Healthcare Fraud, and Environmental Crimes
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8475

**From:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Sent:** Friday, October 29, 2021 11:25 AM
**To:** Troyer, David (USAPAE) <DTroyer@usa.doj.gov>
**Subject:** [EXTERNAL] Kaboni Savage - 2:07-CR-00550 - SAMs question

Hi Attorney Troyer,

We have some questions about the SAMs. Under paragraph f. it says that "[a]n investigator . . . may not meet alone with the inmate." However, later in the document there is an exception for the social worked employees by Mr. Savage's appellate attorneys. We need our investigators to be able to meet with Mr. Savage without an attorney present in order to properly represent him in the 2255 petition. Is it possible to create an exception? We would need permission for the following people to visit without an attorney present:

Taunya Batista – Investigator at the Capital Habeas Unit for the Southern District of Ohio
Felicia Sullivan – Mitigation Specialist, Licensed Social Worker

Please let me know if this can be accomplished and if there is anything further we need to do to facilitate this request. I am new to dealing with SAMs so I am not familiar with the procedure.

Thanks!

Natalie

Attorney Natalie Olmstead
Chief, Capital Habeas Unit
Federal Public Defender Office
Southern District of Ohio
10 West Broad St., Suite 1020
Columbus, OH 43215
Natalie_Olmstead@fd.org
614-469-4141 (phone)
614-469-5999 (fax)

# EXHIBIT D

## Natalie Olmstead

| | |
|---|---|
| **From:** | Troyer, David (USAPAE) <David.Troyer@usdoj.gov> |
| **Sent:** | Friday, December 17, 2021 3:56 PM |
| **To:** | Natalie Olmstead |
| **Cc:** | Holbrooks, John (BOP); Powell, Adam (BOP); Ryan Norwood; Kinsey, Gwynn-Charlie (CRM) |
| **Subject:** | RE: Savage - ADX legal call restriction |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Natalie: As to third-party calls, those are prohibited by both BOP and the SAMs.  On page 4 of the current SAMs, General Provision 1a states that "the inmate must comply with all usual USMS, BOP, and non-BOP DF policies regarding restrictions, activities, privileges, communications, etc."  The SAMs also specifically provides, on page 7, under "Inmate's Initiation of Legally Privileged Telephone Calls," sub-section (2)(b), which states, "The attorney's staff (including the attorney) are not to patch through, forward, transmit, or send the inmate's calls, or any other communications, to third parties."
Dave T

**From:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Sent:** Friday, December 17, 2021 3:44 PM
**To:** Troyer, David (USAPAE) <DTroyer@usa.doj.gov>
**Cc:** Holbrooks, John (BOP) <jholbrooks@bop.gov>; Powell, Adam (BOP) <a2powell@bop.gov>; Ryan Norwood <Ryan_Norwood@fd.org>
**Subject:** [EXTERNAL] RE: Savage - ADX legal call restriction

Thanks Dave,

So just to clarify, nothing in the SAMS prohibits this – it is BOP policy?

Natalie

**From:** Troyer, David (USAPAE) <David.Troyer@usdoj.gov>
**Sent:** Friday, December 17, 2021 3:41 PM
**To:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Cc:** Holbrooks, John (BOP) <jholbrooks@bop.gov>; Powell, Adam (BOP) <a2powell@bop.gov>; Ryan Norwood <Ryan_Norwood@fd.org>
**Subject:** RE: Savage - ADX legal call restriction

Natalie:  All BOP facilities prohibit "third-party" calls, which means calls involving more than one line.  Thus, calls with multiple lines, or "patched-in" calls, are prohibited.  That rule applies to all prisoners and detainees in all facilities, not just SAMs prisoners or people confined at ADMAX.  So, I don't think there is any way around that.  However, I re-read the current SAMs and noticed that it permits paralegal <u>visits</u> without an attorney present.  So, if you would like, I can explore a modification that would also allow a paralegal <u>call</u> without an attorney present.  I remain opposed to expanding the group of non-attorneys who can visit Savage without an attorney to investigators.  Although aspects of this may serve as an inconvenience, I do not think it should inhibit your ability to communicate with your client.  These rules are fairly standard, are there for good reasons, and are specifically designed to deter people like Kaboni Savage, who has on various occasions used law office insiders to "patch through" unrecorded unmonitored calls to third-party social contacts, and has duped unwitting people to help him violate SAMs restrictions.
Dave T

1

David E. Troyer
Assistant United States Attorney
Chief, Government Fraud, Healthcare Fraud, and Environmental Crimes
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8475

**From:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Sent:** Friday, December 17, 2021 11:26 AM
**To:** Troyer, David (USAPAE) <DTroyer@usa.doj.gov>
**Cc:** Holbrooks, John (BOP) <jholbrooks@bop.gov>; Powell, Adam (BOP) <a2powell@bop.gov>; Ryan Norwood <Ryan_Norwood@fd.org>
**Subject:** [EXTERNAL] RE: Savage - ADX legal call restriction

Hi Dave,

I just wanted to follow up on this to see if you had any thoughts.

Thanks,

Natalie

**From:** Natalie Olmstead
**Sent:** Wednesday, December 8, 2021 12:45 PM
**To:** 'Troyer, David (USAPAE)' <David.Troyer@usdoj.gov>
**Cc:** 'jholbrooks@bop.gov' <jholbrooks@bop.gov>; 'a2powell@bop.gov' <a2powell@bop.gov>; Ryan Norwood <Ryan_Norwood@fd.org>
**Subject:** Savage - ADX legal call restriction

Hi Dave,

We are having an issue where the prison will not let SAMs approved team members join a legal call with Kaboni from different locations. We were told that this restriction was based on their interpretation of the SAMs. This restriction will significantly inhibit our ability to communicate with our client and interfere with our representation.

As you know,  the current SAMs prevent non-attorney members of our legal team from communicating by themselves with Mr. Savage over the phone.  Our legal calls must be scheduled in advance and are made from the prison directly to an attorney's line.  In advance of our first call, we had sought to clarify whether an attorney could join their call with a non-attorney (but SAMs-approved) team member on a separate line.  In response  Mr. Savage's counselor,  after consulting with the prison's legal team, stated that we were prohibited from doing so, and that any "additional people"  on a phone call with Mr. Savage had to be with the attorney receiving the call, in the same room.

We had not understood the SAMs to work this way.  ADX has cited section (g)(1) on pg. 7 of the SAMs agreement, which requires an attorney's "physical presence."  Even assuming that this provision requires the attorney's physical presence in the same room as non-attorney staff who are participating in the call, it would not seem to prohibit other attorneys from being patched into a call.  Moreover,  a prohibition on including other phone lines in a legal call appears inconsistent with the restrictions specifically governing such calls on pp. 7-8,  which specifically prohibit "patching" calls

2

only with respect to "third parties."  We of course understand that third parties outside of our approved legal team cannot listen to or participate in our legal calls.  But we believe that non-attorney SAMs approved team members, consistent with the text and purpose of the SAMs, should be able to join legal calls via a separate line so long as the attorney receives and remains on the call.  Our non-attorney team members are equally capable of following the SAMs agreement they have signed and preventing third parties from participating in these calls.  Having an attorney always on the line prevents the concerns you expressed to us about having investigators talk to him alone.

We are requesting that you clarify your own interpretation of the SAMs in light of the positions expressed by our team and ADX.  If you do agree with ADX's interpretation,  we would request that the SAMs be modified to allow non-attorney members of our legal team to participate in calls via separate lines.  A requirement that all team members be in the same room as the attorney taking the call places a serious limitation on our communications.  The complexity of this case has required us to assemble a team based in several different cities.  It is not feasible for our mitigation specialist (based in Florida) and  our fact investigator (based in Philadelphia) to travel to the attorney offices in Ohio and Pittsburgh to participate in legal calls.  ADX's prohibition of separate lines, combined with the prohibition of investigators speaking directly to the client over the phone without a lawyer present, effectively prevents these persons from communicating with our client at all by phone.

Thank you for your prompt consideration of this matter.

Natalie

Attorney Natalie Olmstead
Chief, Capital Habeas Unit
Federal Public Defender Office
Southern District of Ohio
10 West Broad St., Suite 1020
Columbus, OH 43215
Natalie_Olmstead@fd.org
614-469-4141 (phone)
614-469-5999 (fax)

3

# EXHIBIT E

## Natalie Olmstead

**From:**      Natalie Olmstead
**Sent:**      Tuesday, January 11, 2022 2:27 PM
**To:**        'Troyer, David (USAPAE)'
**Subject:**   RE: Savage - SAMS

Hi Dave,

I wanted to follow up about the below request. Any idea what the timeline is for getting a response from OEO?

Thanks,

Natalie

**From:** Troyer, David (USAPAE) <David.Troyer@usdoj.gov>
**Sent:** Thursday, December 30, 2021 9:04 AM
**To:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Subject:** RE: Savage - SAMS

I will pass along your concerns to OEO and the Bureau of Prisons.

David E. Troyer
Assistant United States Attorney
Chief, Government Fraud, Healthcare Fraud, and Environmental Crimes
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
215-861-8475

**From:** Natalie Olmstead <Natalie_Olmstead@fd.org>
**Sent:** Thursday, December 30, 2021 9:00 AM
**To:** Troyer, David (USAPAE) <DTroyer@usa.doj.gov>
**Subject:** [EXTERNAL] Savage - SAMS

Hi Dave,

I hope you had a nice holiday. In light of our email conversation on December 17, we wish to make another formal request to modify our client's SAMs.

We had previously requested the SAMs be modified so that our investigators could call or visit Mr. Savage without an attorney present. You had indicated you would oppose this request, although we are still awaiting a final decision.

From our more recent inquiries, we further understand your position to be that the SAMs prohibit us from patching in other legal team members on calls from Mr. Savage to an attorney, pursuant to the SAMs prohibitions on communications with "third parties." In other words, any other members of our legal team who wish to participate in call must be present in the same room as the attorney receives it. This imposes a particular hardship on us because our team includes a contracted mitigation specialist (Felicia Sullivan) and investigator (Owen Schmidt) who are located in

different cites than the lawyers on our team.  Effectively the existing SAMs prohibitions prevent them from communicating with our client unless they travel for purposes of the phone call (which is impractical) or visit our client in person in Colorado (which requires substantial time and advance planning,  for which only a limited number of days are available per ADX policy, and which additionally requires, per the SAMs, a lawyer to be present).  Any travel, moreover,  implicates safety concerns because of the ongoing global pandemic.

We are thus requesting, as an alternative to allowing direct calls to these team members, that the SAMs be modified so that these team members may join a legal call to an attorney via a different line.  To be clear,  under either of these requests no one other than a member of the legal team who has signed the SAMs and who is known to you would be participating in any call with Mr. Savage.

In your emails, you state that BOP policy also prohibits calls joined on other lines.  We do not understand this policy to be absolute, however, and would note that in our communications with ADX personnel those persons have specifically cited the SAMs, and not an independent prison/BOP policy, as the basis for the prohibition.  In any event,  we are not asking you to dictate the prison's policy via a SAMs modification, which could clarify that calls involving other lines are subject to BOP/ADX approval.  We are willing to discuss that matter separately with ADX – at present, such discussion is impossible because of the SAMs restriction.

While we do appreciate your offer to explore a SAMs phone call modification with respect to paralegals, such a modification would not address our problem unless it includes persons who are doing field work.  As post-conviction counsel, our function is fundamentally different than Mr. Savage's prior appellate counsel.  While those lawyers were tasked with raising claims based on their existing record,  we are obligated to conduct extensive independent investigation with the aid of non-attorney team members.  Effective investigation requires our investigators to be in regular communication with Mr. Savage.  The existing restrictions are more than just an "inconvenience," but an impediment that prevents us from effectively communicating with and representing Mr. Savage in this matter.

We appreciate your attention to this matter.  We hope that you will be able to provide us a prompt final decision on this request,  so that we may explore other legal options in the event it is denied.

Thanks,

Natalie


Attorney Natalie Olmstead
Chief, Capital Habeas Unit
Federal Public Defender Office
Southern District of Ohio
10 West Broad St., Suite 1020
Columbus, OH 43215
Natalie_Olmstead@fd.org
614-469-4141 (phone)
614-469-5999 (fax)

2