**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KABONI SAVAGE,** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |

---

**MOTION TO ALLOW FILING OF EXHIBITS ON PUBLIC DOCKET**

---

Kaboni Savage, a federal prisoner under sentence of death, moves this Court to permit the filing of exhibits on the public docket. These Exhibits A and B, which are the government memos detailing Mr. Savage's 2021 and 2022 Special Administrative Measures (SAMs), pertain to and are the subject of Mr. Savage's contemporaneous MOTION TO ALLOW TELEPHONE AND IN-PERSON CONTACT WITH INVESTIGATORS AND MITIGATION SPECIALISTS (Doc. 1724), and have been contemporaneously delivered to the Court via e-mail.

As detailed below, counsel believe these exhibits are appropriately filed on the regular public docket and need not be filed under seal. Because of a prior order by the Third Circuit granting a motion to seal a prior version of the SAMs, however, Mr. Savage requests a ruling on the issue prior to the formal filing of Exhibits A and B. In support of this motion, and via undersigned counsel, Mr. Savage asserts the following:

1. Mr. Savage contemporaneously has filed a Motion to Allow Telephone and In-Person Contact with Investigators and Mitigation Specialists, in which he requests a modification of Special

1

Administrative Procedures (SAMs) affecting the ability of his legal team to represent him pursuant to this Court's order of appointment. The SAMs are a set of extensive restrictions on Mr. Savage's personal and legal communications issued pursuant to 28 C.F.R. § 501.3 that have been renewed and reissued annually since 2007. The SAMs are presented in the form of a memo signed by a Deputy Assistant Attorney General from the Department of Justice.

2.  Mr. Savage's motion to modify SAMs refers extensively to the restrictions and justifications cited within both the 2021 SAMs and the recently issued 2022 SAMs memo. These memos are necessary for the Court's review of the Motion and are properly part of the record in this case. Copies of these SAMs memos, which are marked as prospective exhibits A and B, respectively, have been emailed separately to the Clerk of Court pending this Court's consideration of the instant motion.

3.  These memos should be filed on the public docket. "The common law presumes that the public has a right of access to judicial records." *In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (noting the common law right extends to "both criminal and civil cases," and defining "judicial record" as a document that "has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings."). The "strong presumption" of public access means that documents cannot be sealed unless a party makes a specific showing that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id. See also Midwest Athletics and Sports Alliance LLC v. Ricoh USA, Inc.*, 2021 WL 915721 at *1 (E.D.P.A. 2021) (describing standard for requesting sealing of documents as "arduous").

4. Nothing in the 2021 or 2022 SAMs memo meets the arduous standard for sealing. The memos were provided to Mr. Savage's legal representatives by the government with the expectation they would be distributed to and reviewed by the parties who might have contact with Mr. Savage.  There is nothing secret about the restrictions imposed on Mr. Savage; to the contrary, the whole point of the restrictions is that they must be known and understood so that any violations can be discouraged, remedied and /or punished.  Similarly, there is nothing secret about the justifications (*i.e.* Mr. Savage's prior offenses and alleged prior violations) for the restrictions cited within these memos, which have been extensively publicized (including and especially by the government) in prior litigation, and in Mr. Savage's 2012-13 high-profile federal trial.

5. Mr. Savage's prior counsel filed the 2009 SAMs memo in connection with an earlier motion to modify the SAMs.  (Doc. 137, Ex. D.)  The memo was never sealed and remains on the Court's public docket.  This is consistent with other cases where parties – including the government itself – has filed SAMs memos on public dockets.  *See, e.g,. United States v. Mikhel*, 07-99008, ECF 35, Ex. A, filed Oct. 8, 2008 (9th Cir); *Ayyad. Holder*, 05-cv-02342-WYD-MJW, ECF 319-2, filed Sep. 12, 2012 (D. Co.) (filed by the government with portions redacted); *United States v. Tsarnaev*, 1:13-cr-10200-GAO, Doc. 110-1, filed October 2, 2013 (D. Ma.).

6. However, when Mr. Savage's direct appeal counsel last filed a SAMs memo, in connection with a motion to modify SAMs filed with the Third Circuit, the government objected.  See *United States States v. Savage*, 14-9003, Appellee's Motion to Seal Defendant's "Appendix A," filed July 22, 2015 (3rd Cir.).  Citing Third Circuit Local Appellate Rule 106.1, the government contended the document should be sealed, claiming (a) the document is stamped

"limited official use" by the Department of Justice" and "was not intended to be in the public domain," and (b) that Mr. Savage's associates could somehow use a publicly filed SAMs memo to circumvent the restrictions. *Id.* pg. 3. The Third Circuit granted the motion to seal in a summary, unexplained order. *U.S. v. Savage*, 14-9003, Order dated Aug. 26. 2015.

7. Whatever the propriety of this ruling under the Third Circuit's appellate rules, the arguments for sealing previously made by the government do not remotely meet or even address the "arduous" standard for sealing guiding this Court in its trial-level proceedings. The government's prior allegations are at best a "broad allegatio[n] of harm" that does not constitute the "specific and compelling showing" necessary for the disfavored remedy of sealing documents in a trial-level court. *See Midwest Athletics,* 2021 WL 915721 at *1.

8. Nevertheless, and in an excess of caution, undersigned counsel has not filed the SAMs memos publicly because the Third Circuit ordered an earlier SAMs memo to be sealed during prior litigation over the restrictions. Instead, the defense has filed the instant motion so the Court may make an informed decision, and hear any objection from the government, before the defense places the document on the public docket.

//

//

//

//

//

//

//

//

4

## CONCLUSION

Mr. Savage asks the Court to rule that the 2021 and 2022 SAMs memos may be filed on the public docket as Exhibits A and B in support of his accompanying Motion to Modify his SAMs restrictions.

Respectfully submitted,


*/s/ Ryan Norwood*

Ryan Norwood
NH Bar 15604


*/s/ Kathryn Bailey*

Kathryn Bailey
PA ID 308242

Assistant Federal Public Defenders
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
kara_bailey@fd.org
(412) 644-6565

ATTORNEYS FOR KABONI SAVAGE

5

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties on February 7, 2022.

*/s/ Ryan Norwood*

Ryan Norwood
Assistant Federal Public Defender
Capital Habeas Unit
NH Bar 15604

Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
(412) 644-6565

ATTORNEY FOR KABONI SAVAGE

1