**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KABONI SAVAGE,** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |

---

**SUPPLEMENT TO PENDING MOTION TO ALLOW TELEPHONE AND IN-PERSON CONTACT WITH INVESTIGATORS AND MITIGATION SPECIALISTS**

---

On February 7, 2022 Mr. Savage filed a motion requesting several modifications to his SAMs, similar to what this Court had previously ordered prior to his 2012-13 trial, so that his appointed attorneys could effectively investigate and prepare a motion pursuant to 28 U.S.C. § 2255 that has a looming statutory deadline (Doc. 1724). The government filed an opposition to this motion forty-four days later on March 23, 2022, and Mr. Savage filed a reply to that opposition on March 30, 2022. The motion is fully briefed and is awaiting decision by this Court.[1] Mr.

---

[1] Contemporaneous with the SAMs modification motion, Mr. Savage filed a motion to permit the filing of his 2021 and 2022 SAMs on the public docket. (Doc. 1725). In the four months since this motion has been filed the government has not filed any formal response or opposition. Mr. Savage respectfully submits this Motion should now be granted, or at the very least, ruled upon without awaiting further briefing. See Local Rule of Civil Pro. 7.1(c) (requiring that a party opposing a motion submit an "answer or other response that may be appropriate" and that "[i]n the absence of timely response, the motion may be granted except as provided under Fed. R. Civ. P. 56.")

Savage now files this Supplement to inform the Court of recent developments relevant to this Court's adjudication of the Motion.

As explained in the Motion, the SAMs require that all defense team members participating in a legal call with Mr. Savage be physically present with a lawyer, who must receive the call from the prison.  Team members cannot participate in calls on separate lines. This means that Mr. Savage's SAMs-cleared legal team, who are located in different cities in Ohio, Pennsylvania, and Florida, must travel to the same office to participate in a call.  For example, Attorney Bridget Kennedy, who is stationed in the Cincinnati office the Federal Defender for the Southern District of Ohio, has on five occasions driven 100 miles the Columbus office to participate in a call with other members of the team. Round-trip, this travel takes up four hours of her time for each call.

Even worse, the loss of this time has sometimes proven to be fruitless.  Due to apparent COVID-related staffing shortages and absences, pre-scheduled legal calls with Mr. Savage frequently fail to happen.  On three occasions, the most recent being June 13, 2022, Attorney Kennedy has traveled from Cincinnati to Columbus for the purpose of participating in a pre-scheduled call that never arrived from the ADX prison.

The only other option for direct communication with Mr. Savage is to fly to Colorado for multiple days for an in-person visit (limited to two persons) at the ADX prison.  As noted in the motion, the resurrected SAMs requirement that attorneys accompany investigators during these visits results in a significant loss of attorney time.  This loss of time has become more onerous for the attorneys as the statutory deadline approaches, as their time is increasingly needed to research and draft the § 2255 motion, rather than participate in investigation.

The unreasonable SAMs requirements, as such, have already caused a significant loss of attorney time, even in the time since the Motion to modify them was filed.  However, the Court

can still prevent further significant loss of time and resources by granting the Motion now, allowing all defense team members to participate in legal calls on separate lines, and (just as it ordered prior to Mr. Savage's 2012 trial) allowing defense investigators to meet with Mr. Savage without attorneys present.

## CONCLUSION

For all the reasons stated here and in prior pleadings, the Court should grant the motion, or schedule a hearing and/or oral argument on the matter forthwith.

Respectfully submitted,

*s/ Ryan Norwood*

Ryan Norwood
NH Bar 15604

*s/ Kathryn Bailey*

Kathryn Bailey
PA ID 308242

Assistant Federal Public Defenders
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
kara_bailey@fd.org
(412) 644-6565

ATTORNEYS FOR KABONI SAVAGE

3

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties on this date.

*s/ Ryan Norwood*

Ryan Norwood
NH Bar 15604
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
(412) 644-6565

ATTORNEY FOR KABONI SAVAGE

1