# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CASE NO. 07-550** |
| **v.** | **:** | |
| **KABONI SAVAGE** | **:** | |

### GOVERNMENT'S RESPONSE TO DEFENDANT SAVAGE'S SUPPLEMENT TO MOTION TO MODIFY "SAMs" CONDITIONS

The United States of America, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and David E. Troyer, Assistant U.S. Attorney for the district, submits this response in opposition to defendant Kaboni Savage's supplement to his motion to modify the Special Administrative Measures (SAMs) conditions of confinement, in furtherance of which it sets forth the following:

Kaboni Savage's latest pleading, in the form of a "supplement" (Dk. # 1728), repeats his request for the remarkable relief of a court-ordered exemption from a nationwide restriction imposed on all prisoners by the U.S. Bureau of Prisons; specifically, the ability to engage in three-way calling. While Savage cloaks his request as relief from SAMs (Special Administrative Measures) conditions, in reality, this particular restriction is completely independent of SAMs. Savage conveniently ignores this fact in both his original motion and in his recent supplement.

Ironically, Savage claims to suffer from having so many court-appointed lawyers, paralegals, and investigators on his team, that it poses logistical problems for telephone calls. In reality, the solutions are quite simple: Either the parties to a single call can all gather in one place in order to participate as a group, or the parties can engage in multiple, separate calls with

Savage.

As the government previously indicated, all BOP facilities prohibit "third-party" calls, which means calls involving more than one line. Thus, calls with multiple lines, or "patched-in" calls, are prohibited. That rule applies to all prisoners and detainees in all facilities, not just SAMs prisoners or people confined at ADMAX. Although this may serve as a slight inconvenience, it does not inhibit counsel's ability to communicate with Savage. These rules are standard, are there for good reasons, and are specifically designed to deter people like Kaboni Savage, who has on various occasions used law office insiders to "patch through" unrecorded unmonitored calls to third-party social contacts, and has duped unwitting people to help him violate call restrictions.

Third-party calls are prohibited by both BOP and the SAMs. On page 4 of the current SAMs, General Provision 1a states that "the inmate must comply with all usual USMS, BOP, and non-BOP DF policies regarding restrictions, activities, privileges, communications, etc." The SAMs also specifically provides, on page 7, under "Inmate's Initiation of Legally Privileged Telephone Calls," sub-section (2)(b), which states, "The attorney's staff (including the attorney) are not to patch through, forward, transmit, or send the inmate's calls, or any other communications, to third parties." If this Court were to order some exemption for Savage, it would set a horrible precedent, decimating the rule against third-party calls throughout the United States.

Savage also restates his request for permission to publicly file his 2021 and 2022 SAMs on the public docket. This request, too, should be denied. SAMs are not public documents, and are not intended to be such. They contain information about private citizens, some of whom are

2

Savage's own minor relatives, and thus could inadvertently place people in danger. It also

furthers no interest of Savage's to publicly file these documents.

Conclusion

The relief Savage seeks is extraordinary, as it violates a rule that applies to every federal

prisoner. Savage represents an extreme risk of danger to witnesses, witnesses' family members,

correctional officers, fellow inmates, and the public at large. He has consistently expressed his

heartfelt desire to murder anyone he perceives as an enemy, and there are at least twelve murder

victims who serve as grim reminders that Savage's threats are anything but idle. Indeed, Savage

persisted in his efforts despite the implementation of SAMs restrictions. The fact that he is now

on death row only increases the concern that he may attempt to do further harm. The relief he

now seeks should not be granted to any federal prisoner, much less to Kaboni Savage.

WHEREFORE, the United States respectfully suggests that this Court enter an

Order denying the defendant Savage's motion for relief from Special Administrative Measures.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*s/ David E. Troyer*
David E. Troyer
Assistant United States Attorney

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this pleading was electronically filed, and was thus served on

this the 5th day of July, 2022, on defense counsel:

Ryan Norwood
Kathryn Bailey
Assistant Federal Defenders
Capital Habeas Unit
Western District of Pennsylvania
1001 Liberty Avenue, Suite 1500
Pittsburgh, PA 15222

Natalie Olmstead
Assistant Federal Defender
Capital Habeas Unit
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215

Attorneys for Kaboni Savage

                                        *s/ David E. Troyer*
                                        David E. Troyer
                                        Assistant United States Attorney