**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | **CAPITAL CASE** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KABONI SAVAGE,** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPLY TO RESPONSE TO MOTION FOR EXCULPATORY AND IMPEACHMENT INFORMATION**

Kaboni Savage, through his undersigned counsel, respectfully files this Reply to the Government's Response to his Motion for Exculpatory and Impeachment Information (ECF 1735, 1736).

## I.    REPLY

In its Response, the government asserts it is aware of its "continuing obligations" to disclose exculpatory and materially favorable evidence. ECF 1736, pg. 1. The government represents that it complied with its obligations prior to the trial and will continue do so.

These representations, however, do not render Mr. Savage's Motion "moot."  To the contrary, if the prosecution agrees that it has already complied and will continue to comply with the production of the materials sought in the Motion, then there can be no harm in granting it.

An order from the Court would also clarify the scope of the government's disclosure obligations.  In discussing *Brady v. Maryland*, 373 U.S. 83 (1963), the government asserts that a violation requires a "reasonable probability that the evidence in question would affect the outcome

1

of trial." ECF 1736, pg. 5.  That is indeed the standard for determining if Mr. Savage is entitled to *relief,* if for example material undisclosed before trial is discovered and is the subject of a post-conviction claim.  But it is not the standard for whether such material must be *disclosed*, which is what Mr. Savage seeks in this motion.  *See* ECF 1735, pg. 2 fn.1; *see also Kyles v. Whitney*, 514 U.S. 419, 437 (1995) (noting that disclosure obligations imposed on prosecutors are broader than the standard the Court uses to determine a Constitutional violation); *U.S. v. Sudikoff*, 36 F.Supp.2d 1196, 1198-99 (C.D. Cal. 1999) (concluding that the materiality standard is only appropriate in appellate review and that the prosecutor's disclosure obligations extend to all evidence "favorable to the accused.");  Pennsylvania Rule of Professional Conduct 3.8(d) (requiring "timely disclosure of all evidence or information known the prosecutor that tends to negate the guilt of the accused or mitigates the offense.").  If the government or its agents are in possession of undisclosed material that tends to negate Mr. Savage's guilt or serve as mitigation, it must disclose that information, so that this Court may determine whether it ultimately would have affected the outcome of trial.

To the extent the government disputes its obligation to provide the specific materials sought by Mr. Savage, it focuses on *Giglio v. United States*, 405 U.S. 150 (1972).  The government asserts that (1) *Giglio* concerns "impeachment" evidence and "applies only to testifying witnesses" and accordingly that (2) the government has no obligation to provide impeachment material for witnesses who do not testify.  *See* ECF 1736, pp. 3-4, 5-6. This is a cramped reading of *Giglio*. Of course, *Giglio* does require the prosecutor to provide impeachment evidence "affecting credibility" of the witnesses they call.  *Id.* at 154. The Supreme Court has recognized that such evidence may be just as essential as evidence that bears "directly upon [the] defendant's guilt." *Napue v. Illinois,* 360 U.S. 264, 269 (1959).  However, the government's continuing obligation to disclose does not

lie dormant until activated by some future hearing. *Cf.* ECF 1736, pg. 4.  It applies with equal force to the witnesses upon whom the prosecution already has relied to secure Mr. Savage's convictions and death sentences.  Moreover, *Giglio* is more broadly concerned with "the presentation of known false evidence," which is incompatible with the "rudimentary demands of justice."  *Giglio* at 153. If the prosecution has evidence in its possession that tends to undermine the credibility of *anything* it presented at Mr. Savage's trial, that evidence must be disclosed regardless of whether it may be classified as impeachment of a witness who did not testify.

## II.   CONCLUSION

Mr. Savage respectfully requests that this Honorable Court grant his Motion and order the Government to disclose any and all exculpatory and impeachment information related to its investigation and prosecution of Kaboni Savage.

Respectfully submitted,

*(s)Ryan Norwood*

Ryan Norwood
NH Bar 15604

*(s) Kathryn Bailey*

Kathryn Bailey
PA ID 308242

Assistant Federal Public Defenders
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
kara_bailey@fd.org
(412) 644-6565

ATTORNEYS FOR KABONI SAVAGE

3

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties on this date.

_**(s) Ryan Norwood**_

Ryan Norwood
NH Bar 15604
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
(412) 644-6565

ATTORNEY FOR KABONI SAVAGE