**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | |
| **v.** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| **KABONI SAVAGE,** | ) | |
| | ) | **\*\*CAPITAL CASE\*\*** |
| | ) | |
| **Defendant.** | ) | |

---

**MOTION TO EXPAND PAGE LIMIT FOR MOTION TO VACATE,
SET ASIDE, OR CORRECT CONVICTION AND SENTENCE
PURSUANT TO 28 U.S.C. §2255**

---

Pursuant to 18 U.S.C. §3599, the Due Process Clause and Equal Protection component of the Fifth Amendment, and the Eighth Amendment, Kaboni Savage respectfully moves this Court to extend the page limitation imposed by E.D. Pa. Civ. R. 9.4(4) and allow him to file a Motion to Vacate not to exceed 750 pages. Given the magnitude and legal complexity of this federal capital case, the limitation imposed by the local rule fails to guarantee Mr. Savage a full and fair opportunity to raise all cognizable claims under 28 U.S.C. §2255 concerning both his convictions and death sentences. The grounds for this request are set forth below.

**I.      The local rule page limit may be modified for good cause shown.**

The Rules Governing Section 2255 Proceedings for the United States District Courts do not impose any limitation on the length of a motion filed pursuant to 28 U.S.C. § 2255. They do, however, require the movant to "specify all grounds for relief

available to the moving party" along with "facts supporting each ground", and "state the relief requested." Rules Governing Section 2255 Proceedings, Rule 2(b)(1),(2),(3).[1]

The Local Rules of this Court echo these pleading requirements and further require that the motion "must contain citation to legal authority that forms the basis of the claim." E.D. Pa. Civ. R. 9.4(2)(a),(d).[2]  Though Local Rule 9.4(4) limits the combined motion and any memorandum in support to 150 pages, Local Rule 9.4(8) recognizes that for certain capital cases, "[u]pon motion and for good cause shown, the judge may extend the page limits for any document."

## II.     Good cause exists to expand the page limit in this case.

This Court should extend the page limitation imposed by the Local Rule given the unique complexity of this case, to protect Mr. Savage's constitutional and statutory rights, and because similar requests have been granted for federal death-sentenced petitioners.

### A.     Mr. Savage's case is uniquely complex.

Mr. Savage's forthcoming capital §2255 Motion will be the first such motion filed in this District since the death penalty was reinstated in 1976. The Motion will challenge thirteen death sentences imposed nearly a decade ago,[3] based on sixteen

---

[1]  Available online at: https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings.pdf

[2] Local Rule 9.4(2) also grafts a requirement—not found in the Federal Rules—that § 2254 petitioners address exhaustion of individual claims within the initial 150 pages, notwithstanding that exhaustion of state remedies is an affirmative defense that must be raised by the State. *See Day v. McDonough*, 547 U.S. 198, 199 (2006).

[3] This Court imposed a sentence of death on each eligible count: twelve VICAR murders plus witness retaliation. *Savage*, 970 F.3d at 236.

distinct counts[4] brought in a sixty-four-page indictment charging twelve homicides arising from seven different incidents over six-and-a-half years, as well as a RICO conspiracy charge listing over 100 overt acts during that period. *See* ECF 480 (Fourth Superseding Indictment).

Several of the murder counts stem from alleged conduct that was first tried by the Commonwealth of Pennsylvania. For example, Mr. Savage himself was tried and acquitted for the murder of Kenneth Lassiter in 2004. *See United States v. Savage*, 970 F.3d 217, 234 (3d Cir. 2020). Key government informant and testifying witness Lamont Lewis was tried in state court at least three separate times. *See* 5/20/13 TT 148–149. Each of these related state court trials involve their own detailed records, with numerous volumes of transcripts, discovery, and exhibits.

To further complicate matters, in December 2005, a separate federal jury convicted Mr. Savage of fourteen counts, including conspiracy to distribute cocaine, money laundering, and firearm offenses. He is still serving a 30-year sentence for those convictions. *See United States v. Walker,* 392 F. App'x 919, 921 (3d Cir. 2010). There is substantial evidentiary overlap between that case and the capital trial,

---

[4] One (1) count of conspiracy to participate in a racketeering (RICO) enterprise, 18 U.S.C. § 1962(d); twelve (12) counts of violent crime in aid of racketeering (VICAR) murder, § 1959(a)(1), for the deaths of Lassiter, Abdullah, Brown, Parker, Toliver, Flowers, and the six individual who died in the house fire; one (1) count of VICAR conspiracy to commit murder, § 1959(a)(5), for the conspiracy to commit the fire deaths; one (1) count of retaliating against a witness, § 1513, for the fire deaths of Eugene Coleman's family members; and one (1) count of using fire to commit a felony, § 844(h)(1), for the fire used to commit VICAR murder at the Coleman house. Before trial, the District Court dismissed an additional count for witness tampering under 18 U.S.C. § 1512(a)(1)(A).

particularly concerning key government witness Eugene Coleman. Coleman was a drug dealer and cooperating witness against Mr. Savage in the drug-conspiracy case. *See id.* The 2004 housefire that killed members of Coleman's family dominated the government's theory of the capital case. ECF 480 (Indictment).

As this Court is aware, Mr. Savage's capital trial was joined with three other co-defendants, two of whom also were facing death. The trial spanned more than six months from the beginning of jury selection to the sentencing verdicts. Jury selection occupied 30 court days, the guilt phase took 55 court days, and the penalty phases required several more weeks. The government admitted and played for the jury almost 400 unique recordings and published over 1,000 other exhibits. This Court presided over approximately fifty hearings or other pretrial proceedings. Court transcripts total over 30,000 pages and the docket has over 1,700 entries to date.

The record, discovery, and outside-the-record evidence relevant to this case encompasses hundreds of thousands of documents. As this Court acknowledged during jury selection, "there is so much discovery in this situation that it's almost impossible to pinpoint anything unless somebody gives you some direction." 12/17/12 TT 142 (Under Seal).

On this extensive record, Mr. Savage's direct appeal counsel required four years to file an opening brief. Even containing just thirteen issues, it was 365-pages long. Based on the demonstrated complexity of this case, the Court of Appeals authorized appellate counsel to file a brief up to 85,000 words, more than six and one-half times more than the normal limit. *See Savage*, No. 14-9003 (3d Cir.) Doc. 003113051015

(Order lifting F.R.A.P. 32(a)(7)(B)(i) requirement of 13,000 words). The government's brief was even larger, at 396 pages. *See id.,* Doc. 003113246930; Doc. 003113224751 (requesting 90,000 words for Appellee's brief based on "the long and complex proceedings in this case" and the "voluminous" and "copious record"). *See also* Doc. 003113343540 (Order granting Unopposed Motion to file Reply brief more than four times the typically allowed 6,500 words). The Court of Appeals repeatedly referenced the size of this case throughout its 201-page opinion, noting "the very substantial record", which includes "extensive pretrial proceedings", comprising just one aspect of "the vast appellate record" in this case. 970 F.3d at 316, 236, and 237.

**B.      Expansion of the page limit is required to ensure Mr. Savage's constitutional and statutory rights are protected.**

Undersigned counsel were appointed by this Court on September 3, 2021, in the midst of a global pandemic. Counsel's duties far exceed that of direct appeal counsel insofar as they also are charged with extra-record investigation and assessment of all prior counsel's performance. After conducting this independent investigation, counsel are obligated to present and preserve **all** potentially viable claims. *See* GUIDELINES FOR THE APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES, Guidelines 10.7 and 10.8).

The presentation of new evidence supporting new claims requires adequate space. Although counsel still are drafting the §2255 Motion, it will raise dozens of meritorious grounds for relief. While counsel value concision, they must prioritize satisfying the pleading requirements necessary to preserve Mr. Savage's constitutional claims. Indeed, the Supreme Court has recognized that the treatment

5

of the initial petition/motion "is a particularly serious matter," where its contents dictate the petitioner's access to "the protections of the Great Writ entirely." *See Lonchar v. Thomas*, 517 U.S. 314, 324 (1996). *See also Brown v. Garman*, No. CV 16-872, 2017 WL 5885659, at fn.2 (E.D. Pa. Nov. 28, 2017) (appreciating the unique pleading challenges and generous allowances for §2255 petitioners where "the federal district court is the first collateral review court."); *Christeson v. Roper*, 574 U.S. 373, 377 (2015) (emphasizing that the "mandatory right to qualified legal counsel" under §3599 should be interpreted so as to ensure the "interest of justice.").

Because Local Rule 9.4(4) was not formulated with cases like Mr. Savage's in mind, it cannot be applied in a manner that protects Mr. Savage's statutory and Constitutional rights. *See CX Reinsurance Co. v. Johnson*, 977 F.3d 306, 315 (4th Cir. 2020) (local court rules and their application must be consistent with Acts of Congress, citing 28 U.S.C. §2071(a)). Accordingly, as authorized by Local Rule 9.4(8), the limit should be expanded to protect Mr. Savage's rights.

### C. Mr. Savage's request is proportional to other capital cases.

Where Mr. Savage is challenging thirteen separate death sentences arising from seven separate incidents and an additional RICO conviction, his 750-page request is both reasonable and appropriate. His requested expansion permits him approximately 107 pages to address each homicidal incident alleged in the indictment; other federal petitioners far exceed that ratio. *See, e.g., United States v. Barrett*, E.D. Okla. No. 6:09-cv-105, ECF No. 105 (652 total pages (Motion and brief) filed in single state trooper killing); *United States v. Barrett*, 985 F.3d 1203, 1229–30 (10th Cir. 2021)

(awarding sentencing relief where trial counsel failed to present evidence of Mr. Barrett's mental impairments and abusive upbringing). *See also United States v. Agofsky*, E.D. Tex. No. 1:07-cv-511, ECF No. 194) (487-page Motion filed where Agofsky convicted of two counts of murder in single prison killing incident); *United States v. Bolden*, E.D. Mo., No. 4:10-cv-02288, ECF 24 (435-page Motion filed where Bolden convicted of murder and related charges in a single bank robbery incident); *United States v. Troya*, S.D. Fla. No. 9:16-cv-80700, ECF No. 25 (435-page motion filed where Troya convicted of four homicides in a single episode, resulting in two death sentences.)

This Court, too, has recognized that oversized filings are appropriate for exceptionally complex capital cases. It has granted page extensions pursuant to Rule 9.4(8) in cases less complicated than Mr. Savage's case. *See*, *e.g.*, *Dougherty v. Beard*, E.D. Pa. No. 2:09-cv-902, ECF No. 13 (order allowing initial filings totaling 298 pages in single event arson-murder resulting in two deaths). *See also Washington v. Beard*, E.D. Pa. No. 2:07-cv-3462, ECF No. 22 (order allowing initial filings totaling 259 pages in case involving a single murderous event (2 counts)).

Though good cause is established here, Mr. Savage's request also should be granted pursuant to the due process clause and equal protection component of the Fifth Amendment and the Eighth Amendment. *See Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) (applying fourteenth amendment equal protection principles via fifth amendment due process clause). Other, similarly-situated federal capital petitioners across the country face no locally imposed page limits at all; this is true

of petitioners facing death sentences arising out of the Western District of Pennsylvania, within this same Circuit. Because this Court previously has extended the page limitations in other less-complicated cases, and because other federal district courts have allowed the filing of capital §2255 motions significantly larger than the 150 pages contemplated by Local Rule 9.4(4), this Court should grant Mr. Savage's request on Constitutional grounds.

Counsel provided Assistant U.S. Attorney David Troyer a copy of this motion and asked his position. Without further explanation, he responded "we do object to the motion for an extended page limit."

III.    Conclusion

Based on the foregoing showing of good cause and in the interests of justice, this Court should expand the page limit and permit Mr. Savage to file a §2255 motion not to exceed 750 pages.

Respectfully submitted,

*/s/ Ryan Norwood*
Ryan Norwood
NH Bar 15604
Assistant Federal Public Defender
*/s/ Kathryn Bailey*
Kathryn Bailey
PA ID 308242
Assistant Federal Public Defender

Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
kara_bailey@fd.org
(412) 644-6565

8

*/s/ Natalie Olmstead*
Natalie Olmstead
OH Bar 0085977
Chief, Capital Habeas Unit
*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
CA Bar 253416; OH Bar 100802
Assistant Federal Public Defender

Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
natalie_olmstead@fd.org
bridget_kennedy@fd.org
(614)-469-4141

ATTORNEYS FOR KABONI SAVAGE

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically through the ECF

system and notice sent to counsel of record for all parties on this date.

> */s/ Bridget L. Kennedy*
> Bridget L. Kennedy
> CA Bar 253416; OH Bar 100802
> Assistant Federal Public Defender
> Capital Habeas Unit
> Office of the Federal Public Defender
> Southern District of Ohio
> 10 West Broad Street, Suite 1020
> Columbus, OH 43215
> bridget_kennedy@fd.org
> (614)-469-4141
>
> ATTORNEY FOR KABONI SAVAGE

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (Philadelphia)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | **Criminal No. 2:07-cr-00550-RBS** |
| | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **KABONI SAVAGE,** | **)** | **Hon. R. Barclay Surrick** |
| | **)** | |
| | **)** | |
| **Defendant** | **)** | **\*\*CAPITAL CASE\*\*** |

---

## [PROPOSED] ORDER

---

AND NOW, this ___ day of _____, 2023, upon consideration of Kaboni Savage's *Motion to Expand Page Limit for Motion to Vacate, Set Aside, or Correct Conviction and Sentence Pursuant to 28 U.S.C. §2255*, it is hereby ORDERED as follows:

1. Kaboni Savage's motion is GRANTED.

2. The Motion filed on or before May 15, 2023, pursuant to 28 U.S.C. §2255, shall not exceed 750-pages.

 

_____
R. Barclay Surrick
United States District Judge

2