**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | |
| **v.** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| **KABONI SAVAGE,** | ) | |
| | ) | **\*\*CAPITAL CASE\*\*** |
| | ) | |
| **Defendant.** | ) | |

---

## RESPONSE TO OPPOSITION TO MOTION TO EXPAND §2255 PAGE LIMIT

---

The government's opposition to the expansion of page limits in this uniquely complex case is not based on a reasonable assessment of whether "good cause" exists under Local Rule 9.4(8), but rather its continuing hostility to Mr. Savage's statutory right to federal habeas review.[1] The government prophesizes "it is unlikely that Mr. Savage has any legitimate issues that would even require a hearing," essentially because he had prior experienced counsel who filed motions. *See* Doc. 1742 at 2. This assertion ignores that § 2255 proceedings constitute Mr. Savage's sole opportunity to challenge the effectiveness of all those prior counsel and present extra-record evidence necessary to grant an evidentiary hearing.

---

[1] There is no indication that counsel for the government has experience litigating a capital habeas case.

The government's claim that a "case is not necessarily more complex, nor require[sic] more writing, merely by virtue of being a capital case" should be rejected, along with its reliance on non-capital and even *non-homicide* cases. Doc. 1742 at 3. Far from a "mantra" (*see* Doc. 1742 at 4), the concept of "death is different" is a fundamental principle of the Supreme Court's Eighth Amendment jurisprudence, which the government is asking this Court to ignore. *Ford v. Wainright,* 477 U.S. 399, 411 (1986) ("In capital proceedings generally, this Court has demanded that factfinding procedures aspire to a heightened standard of reliability.... This especial concern is a natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different.")

The unusual complexity of this particular capital case is beyond reasonable dispute. Indeed, it was the government who first moved this Court to recognize this case as exceptionally complex. Doc. 87. It was the government who requested to expand the limit proscribed by the appellate rules nearly seven-fold for its Answering Brief. *Id.* at 5.

Mr. Savage's motion provided case-specific statistics that demonstrate its complexity, a reality known and experienced by this Court.[2] It cited orders from this Court granting substantial page limit expansions in capital cases that (1) are less complex than Mr. Savage's and (2) concern § 2254 petitions, where the petitioner

---

[2] *See* https://www.inquirer.com/philly/gallery/20130922 _Bill_for_Savage _trial _easily_tops__10_million.html (September 21, 2013).

necessarily had a prior opportunity to plead, develop and winnow his claims in state court post-conviction proceedings. Doc. 1741 at 7-8. Likewise, the motion cited examples of § 2255 motions in other capital cases that are commensurate to the request sought here. *Id.* at 7. Mr. Savage has established "good cause" for an oversized motion for the only capital § 2255 proceeding in the Third Circuit in the modern history of the death penalty.

Despite the government's protest, Mr. Savage is not required to preview his still-working § 2255 Motion to establish good cause. That said, undersigned counsel can outline some of the clams that would be presented in this enormous case. The motion will include a comprehensive challenge to trial counsel's utter failure to conduct an adequate mitigation investigation, which would have shown a vastly different picture of Mr. Savage and his upbringing than was presented to the sentencing jury. The motion will include claims regarding counsel's failure to make appropriate objections at the penalty phase, present available and compelling witnesses, retain necessary experts, and to properly prepare the witnesses counsel did present. As Mr. Savage's learned counsel—who joined the case over a month into capital jury selection—admitted during his penalty phase closing argument, "if [the mitigation presentation] was too short, then, it's my fault.  It wasn't prepared well."  5/29/13 TT 176.

Mr. Savage's § 2255 motion also will include claims relating to the ineffective litigation of pre-trial issues and the failure to pursue a less-than-death resolution. It will include claims regarding counsel's ineffectiveness during the three-month voir dire process, including their failure to strike unqualified jurors. It will outline the

3

ineffective investigation of each of seven separate homicidal incidents alleged within the indictment, and counsel's ineffective failure to object to and preserve issues that arose throughout the three-month guilt phase trial. Likewise, the Motion will include claims relating to the ineffective handling of multiple statutory aggravating factors, including the presence of substantial planning, "grave risk of death," and "torture or serious physical abuse." The Motion will also challenge counsel's failure to rebut non-statutory aggravating factors, particularly a claim of "future dangerousness" that itself involved mini-trials on Mr. Savage's future conditions of confinement and prior incidents in federal facilities in 2011 and 2012.

In addition to trial counsels' ineffectiveness, the Motion will allege *Brady* and other prosecutorial misconduct. Finally, the Motion will raise claims involving ineffective assistance of appellate counsel. Overall, the Motion will challenge the constitutionality of all sixteen of Mr. Savage's convictions and sentences, including the thirteen capital convictions and death sentences.

Where Mr. Savage is under a sentence of death without the benefit of prior post-conviction proceedings and where he has established good cause, this Court should allow the filing of a 750-page Motion in the first instance, reserving an opportunity to consider a future, informed objection from the government. Counsel has and will continue to write concisely while fulfilling their obligation to raise all potentially meritorious claims.

Respectfully submitted,


*/s/ Ryan Norwood*
Ryan Norwood
NH Bar 15604
*/s/ Kathryn Bailey*
Kathryn Bailey
PA ID 308242

Assistant Federal Public Defenders
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
ryan_norwood@fd.org
kara_bailey@fd.org
(412) 644-6565


*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
CA Bar 253416; OH Bar 100802
*/s/ Natalie Olmstead*
Natalie Olmstead
OH Bar 85977; CT Bar 430791; AL
Bar 3119L00O

Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
bridget_kennedy@fd.org
natalie_olmstead@fd.org
(614)-469-4141


ATTORNEYS FOR KABONI SAVAGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically through the ECF

system and notice sent to counsel of record for all parties on this date.

*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
CA Bar 253416; OH Bar 100802
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
bridget_kennedy@fd.org
(614)-469-4141

ATTORNEY FOR KABONI SAVAGE

1