**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA         :

                                 :         **CRIM. NO. 07-550**

KABONI SAVAGE                    :

**ORDER**

AND NOW, this       day of                , 2023, upon consideration of the

defendant's Motion for an Order to Permit Defense Counsel to View the District Attorney's

Office Files, and the Government's Response thereto, it is ORDERED that the defendant's

motion is DENIED.

BY THE COURT:

_____
HON. R. BARCLAY SURRICK
*Senior Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA             :

                                     :          CRIM. NO. 07-550

KABONI SAVAGE                        :


**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SAVAGE'S MOTION FOR AN ORDER COMPELLING DEFENSE INSPECTION OF <u>DISTRICT ATTORNEY'S OFFICE FILES</u>**

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and David E. Troyer, Assistant United States Attorney for the district, respectfully files this Response in Opposition to the Defendant's Motion for an Order to Permit Defense Counsel to View the District Attorney's Office Files, and requests that the Court deny the defendant's motion. In support of this response, the government represents as follows:

Defendant Kaboni Savage has filed a motion for permission to inspect files of the Philadelphia District Attorney's Office regarding the state's investigation of murders for which he was convicted in federal court, as well as other murder cases not charged against Savage. This motion is frivolous and should be summarily denied.

Savage seeks discovery in support of a 715-page motion he has filed in this case under 28 U.S.C. § 2255, which motion presents dozens of objections to his conviction and sentence, and approximately 150 separate claims. Although the government will respond to that pleading in due course, these claims are all without merit, and many are entirely frivolous, and even rely on false statements of fact. It is apparent, as the government will explain, that the extraordinary

length and breadth of the motion does not reasonably seek to correct legal error, but rather is presented in service of the goal of delay that has long animated the defense filings in this case.

The request for additional discovery appears based on that same goal. But in this case, during the prosecution itself, the government already exhaustively presented discovery regarding all of the murders at issue, including materials obtained from state authorities, including the Philadelphia District Attorney's Office. As the Court is aware, government counsel were diligent to disclose in discovery all relevant materials in the Philadelphia Police homicide files and District Attorney files, and fastidiously combed through separate FBI informant files looking for anything that could even remotely be considered "exculpatory," "materially favorable," or otherwise disclosable. The government even disclosed alleged witness accounts it *knew* were baseless and wrong (such as the account of a neighborhood junkie who passed on a rumor that witness Paul Daniels committed a murder he did not commit, and the offerings of a state prisoner who offered to testify that Savage admitted to *shooting* the Coleman family (who were burned to death in an arson attack Savage arranged), because the government recognized that even the accounts of a confused person or liar can comprise *Brady* material.

At this point, even if taken at face value, Savage's request for discovery cannot be seen as anything more than a fishing expedition. Other than presenting a couple anecdotal examples of unrelated cases in which exculpatory material emerged at a late date, he does not present any description of any material that may exist in this case and was not disclosed. Even describing the request as speculative is charitable.

In sum, as to the items in the District Attorney's files of homicide cases charged in this case, counsel already has them. As to the files of other unrelated murders (Ronald Walston,

3

Kareem Bluntly, Mustafa Bey), counsel does not need them as they would not further the goals of Savage's 2255 petition.

Savage's statement that "the government reviewed and turned over *select documents* from state files regarding the charged murders," Motion at p. 7 (emphasis added), is simply wrong. Indeed, the government turned over *everything* that then existed in those files. Thus, the only thing for defense counsel to gain by the granting of their motion is delay. For this Court to grant their motion will be to precipitate months, if not years, of additional delay, in which additional fictitious claims of missing items or unavailable files will be made. Given that the homicide files now being sought are from murders committed between 1998 and 2004, the availability and present integrity of those files is anything but certain.

Savage utterly fails to articulate a single document, report, item, note, or event depicted in these files that would support his petition. Not one. No claim of a particular item that would support a claim that the prosecutors withheld *Brady*, *Giglio*, or *Jencks* material. No example of the existence of exculpatory or materially favorable evidence in these files. Nothing. This alone demands that this Court deny his motion.

Savage's habeas corpus counsel have, in their 2255 motion, made reckless allegations against the prosecutors, this Court, and his previous counsel. Some of those factual allegations are entirely fabricated, exceeding the boundaries of professionalism and ethical practice. Lacking any factual foundation, defense counsel should not now be permitted to go on some unlimited treasure hunt in search of information that does not exist, in order to justify their unfounded claims and accusations.

4

Savage cites select portions of Rule 6 for Section 2255 Proceedings. However, Rule 6 makes it clear that "leave of court" is required for discovery: "A judge may, for good cause, authorize a party to conduct discovery . . . ." Rule 6(a). The Rule further states, "A party requesting discovery must provide reasons for the request. The request must also . . . specify any requested documents." Rule 6(b).

Discovery is not allowed in this situation. It is settled that "mere speculation that a government file may contain *Brady v. Maryland* material is not sufficient to require a remand for an in camera inspection." *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985). "Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) (footnote omitted). *See also United States v. Ramos*, 27 F.3d 65, 71 (3d Cir. 1994); *United States v. American Radiator & Standard Sanitary Corp.*, 433 F.2d 174, 202 (3d Cir. 1970) (defendant is not entitled to search government's files for *Brady* material simply on speculation that such material may exist). Savage's selected citation to Habeas Rule 6 is unavailing, as that rule states that a court "*may* authorize a party to conduct discovery," requires the defendant to submit "*reasons*" that establish "*good cause*" in order to obtain "*leave of court*" for discovery (emphasis added). Savage has utterly failed to satisfy those requirements.

Discovery has already been liberally given in this case at the pre-trial stage. Discovery at this stage of the proceedings is not a matter of right or entitlement. Indeed, there must be a showing of a need for particular information, and Savage plainly fails to make such a required showing.

For these reasons, the request for inspection should be summarily denied.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


 *s/ David E. Troyer*                               /
DAVID E. TROYER
Assistant United States Attorney
Chief, Narcotics & Organized Crime

6

CERTIFICATE OF SERVICE

I hereby certify that this document was filed via ECF and via electronic mail, and was thus served on defense counsel:

Ryan Norwood, Esquire
Assistant Federal Defender
ryan_norwood@fd.org

Bridget L. Kennedy, Esquire
Assistant Federal Defender
bridget_kennedy@fd.org
Attorneys for Kaboni Savage

*s/ David E. Troyer                    /*
DAVID E. TROYER
Assistant United States Attorney

Date:  July 6, 2023

7