IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 2:07-cr-00550-RBS |
| | ) | |
| v. | ) | |
| | ) | |
| KABONI SAVAGE, | ) | Hon. R. Barclay Surrick |
| | ) | |
| Defendant. | ) | Death Penalty Case |

**REPLY TO RESPONSE TO MOTION FOR DISCOVERY RELATING TO CLAIMS INVOLVING MR. SAVAGE'S PURPORTED "FUTURE DANGEROUSNESS"**

Kaboni Savage, through his undersigned counsel, respectfully files this Reply to the Government's Response to his Motion for Discovery Relating to Claims Involving Mr. Savage's Purported "Future Dangerousness." Doc. 1752, 1753.

**I.   Mr. Savage set forth good cause to conduct discovery on these claims**

Mr. Savage seeks discovery related to his federal habeas claims 5D, 18D, 18E, and 18F, as pled in Section V of his § 2255 motion. *See* Doc. 1746 at 222-251. He set forth good cause for this material in his discovery motion. *See* Doc. 1752 at 4-9. Mr. Savage alleges that the government misled the jury about certain facts in support of its "future dangerousness" arguments, and there are clear indications that the government possesses evidence to support this claim.

The government's response, dashed off the next business day after the filing of the motion, does little to engage the substance of Mr. Savage's good cause arguments and misapprehends the issues in dispute. The only authority the government provides is a string-cite of irrelevant cases (Doc. 1753 at 6-7) repeated from a prior pleading, that Mr. Savage previously addressed at Doc.

1

1751 at 2-3. Rather than repeat the largely unaddressed showing of good cause made in detail in his § 2255 and discovery motion, Mr. Savage will address several specific misapprehensions in the government's response.

      **A.**      **Discovery related to Mr. Savage's SAMs renewals**

The government continues to dispute the U.S. Attorney's Office's effective control over the continuation of Mr. Savage's SAMs, and by extension, his placement on H-Unit. Doc. 1753 at 5. This is a dispute that can and should be resolved by disclosing the documents about the SAMs renewal process sought in the discovery motion.

The government claims Mr. Savage "hangs his entire argument" on recent testimony from a BOP Attorney. Doc. 1753 at 5. This is not true: Savage also noted that at least one court has independently determined that the Office of Enforcement Operations rubber-stamps SAMs recommendations from other agencies. *See* Doc. 1752 at 5-6. Additionally, the rote annual renewals of Mr. Savage's own restrictions in the decade since his conviction demonstrates the lack of effective oversight of the process.

That said, the BOP Attorney in question, Chris Synsvoll, is an authoritative and credible source. Mr. Synsvoll works at the ADX prison, was a former warden there, and has been intimately familiar with H-Unit since the time it opened over 20 years ago. Doc. 1746 at 227. As much as anyone, Mr. Synsvoll is qualified to explain the practical operation of the SAMs renewal process – and certainly was more qualified than the BOP experts at Mr. Savage's trial, who testified about the operation of the SAMs despite never having been stationed at ADX or having worked in H-Unit. Doc. 1746 at 227. As Synsvoll testified:

      Q:    In your experience, when the local U.S. Attorney's Office opposes the modification of the SAMs, does it happen?

      A:    No

Ex. 284 TT 2248. Mr. Savage has demonstrated good cause for discovery related to this disputed matter.

> **B.  Discovery related to the March 17, 2011 incident involving separatee documents and 2012 incident involving phone misuse**

The government now seeks to minimize the importance of these incidents to its future dangerousness argument, describing the 2011 incident as one where Mr. Savage possessed "papers" that he was "not permitted to have," and the 2012 incident as one where Mr. Savage used a legal line "to call civilian friends." Doc. 1753 at 4. But the government went much further than this at the penalty phase. Through questioning and argument, the government went to considerable efforts to demonstrate that Mr. Savage' possession of documents showed he was engaged in an ongoing effort to locate and kill witnesses, and Mr. Savage was using phone calls to plot crimes. *See* Doc. 1746 at 234-37, 240-42. These arguments were false and misleading even based on the available record, and Mr. Savage has good cause to obtain additional discovery about these incidents that would support his claims. *See id.*, Doc. 1752 at 8-9.

In its response, the government also claims to have already provided one of the items requested in the Motion. In item 15, Mr. Savage requested materials relevant to this incident, including "the twenty-seven pages of paperwork purportedly found in Mr. Savage's possession in March 2011." Doc. 1752 at 11. The government now represents these 27 pages "were provided in discovery well in advance of trial. See Discovery Batch #6/Disk 1/FBI 302s and Documents/82681 Vol. 18, item #11, provided on July 29, 2011."[1] Doc. 1753 at 4.

---

[1] The government does not allege to have previously provided to Mr. Savage anything else sought in this Motion.

3

The prosecution has not reproduced the trial discovery for the defense in these § 2255 proceedings, and the materials available to defense counsel have come from prior counsel. However, defense counsel believe they do have a complete Disk 1 of Disco Batch #6, and it does not contain the material the government claims it does. Item #11 in the described sub-folder is a two-page document containing the 302 report referenced in Mr. Savage's discovery motion (and attached to the § 2255 motion as Exhibit 287), and a short memo from Officer Bittner.[2] The 27 pages of paperwork are referred to in the 302 report as being attached to the Bittner memo, but are not included in the production. The complete, 2-page file labeled Item #11 in Discovery Batch #6/Disk 1/FBI 302s and Documents/82681 Vol. 18 is attached to this Reply as Exhibit E.

Defense counsel sought to resolve this discrepancy with Mr. Troyer prior to filing this Reply, requesting him to reproduce the discovery disk cited in its Response to confirm whether it contained the 27 pages of paperwork. Mr. Troyer responded, but ignored this request. The evidence currently available thus supports that the 27 pages attached to the Bittner memorandum and the BOP investigative documents were not produced pretrial, and Mr. Savage has good cause to obtain them now for all the reasons set forth in his prior pleadings.

---

[2] This appears to be the memorandum written by Officer Bittner requested in item 15 of Mr. Savage's discovery motion. Mr. Savage thus withdraws his request for this memorandum and corrects his representation that this document was not in the available record, (*see* Doc. 1746 at 233), but continues his request for the other material requested in item 15, including the 27-page attachment to this memorandum and the internal investigation specifically referenced in the FBI 302.

        Respectfully submitted,

        */s/ Bridget L. Kennedy*

        Bridget L. Kennedy
        CA Bar 253416; OH Bar 100802
        Assistant Federal Public Defender
        Capital Habeas Unit
        Office of the Federal Public Defender
        Southern District of Ohio
        10 West Broad Street, Suite 1020
        Columbus, OH 43215
        Bridget_kennedy@fd.org
        (614) 469-4141

        ATTORNEYS FOR KABONI SAVAGE

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties on this date.

                      */s/ Bridget L. Kennedy*

                      Bridget L. Kennedy
                      CA Bar 253416; OH Bar 100802
                      Assistant Federal Public Defender
                      Capital Habeas Unit
                      Office of the Federal Public Defender
                      Southern District of Ohio
                      10 West Broad Street, Suite 1020
                      Columbus, OH 43215
                      Bridget_kennedy@fd.org
                      (614) 469-4141

                      ATTORNEYS FOR KABONI SAVAGE