## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :          CRIMINAL NO. 07-550

    v.                         :

KABONI SAVAGE                  :

## GOVERNMENT'S REPLY TO DEFENDANT SAVAGE'S RESPONSE TO ITS MOTION TO ESTABLISH THE WAIVER OF ATTORNEY-CLIENT PRIVILEGE AS TO THE DEFENDANT'S PENDING § 2255 MOTION

The United States of America, through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and David E. Troyer, Assistant U.S. Attorney, hereby submits this reply to the defendant Savage's response to its motion for an order establishing that the defendant Kaboni Savage has waived his attorney-client privilege, work product immunity, and confidentiality, to the extent necessary for his previous counsel to respond to the allegations in his pending 2255 motion, to permit communications between government counsel and former counsel and, if necessary, to direct counsel's response to those allegations. The government will limit its reply to debunking the misstatements of law and fact in the defendant's response, according the response the brevity it deserves.

Savage's Waiver Of Attorney-Client Privilege Is Beyond Dispute

Savage's response treats this as if it were an issue subject to genuine debate. It is not. Savage's 2255 petition purports to raise more than 150 individual claims, of which at least half allege some form of ineffective assistance of counsel.[1] Claims are made as to virtually every aspect of trial counsel's investigation, jury selection, cross examinations, mitigation presentation,

---

[1] The precise number of claims is difficult to quantify, as many claims have sub-claims, many of which also have sub-claims, and a number of the claims are duplicated.

1

and arguments. Indeed, Savage's claims are so numerous and so broad that it renders impossible his suggestions that counsel's communications with government counsel be limited to mere testimony and affidavits, and/or other "sworn proceedings." Response at p. 18, fn. 14. There is no way government counsel or trial counsel (and appellate counsel) can adequately prepare and defend themselves against this multitude of allegations without permitting the requested communications. Savage's position defies logic and would work an injustice by hindering this Court's proper ascertainment of the facts.

It is remarkable that Savage's habeas counsel are even contesting the government's motion, as it is factually and legally clear that Savage's 2255 claims act as a waiver of his attorney-client privilege. Indeed, the most telling aspect of Savage's response is that *nowhere* in his 23-page response does he even posit a theory as to how his claims do *not* waive the attorney-client privilege. He makes no argument, and he gives no examples -- because he cannot.

Savage's Suggested Restrictions Are Unsupportable And Unworkable

Savage's concerns about government counsel and trial counsel embarking on "fishing expeditions" is unfounded. Savage has been convicted of twelve murders and is subject to thirteen death sentences. The government is not the least bit interested in any admissions to other crimes, or any other communications outside of those that directly deal with the claims he makes in his 2255 petition. Moreover, we don't need our communications "supervised" or "monitored." Government counsel has been an attorney and prosecutor for 41 years, has prosecuted homicides (and defended habeas petitions) since the mid-80's, and has never had a trial conviction reversed on appeal. Savage's trial counsel likewise have a wealth of experience as lawyers, and are

undoubtedly well aware of their ethical and professional obligations. No one is monitoring or supervising habeas counsel's communications, and no one should monitor mine.

<u>Savage's Former Counsel Are Not Barred From Speaking With Government Counsel</u>

Savage's citations to an ABA opinion and to Pennsylvania's ethics code are unavailing. ABA opinions are not the law. And the ethics code, as explained in the government's motion, expressly permits the communications requested by the government under these express circumstances.

<u>Trial Counsel Is Willing To Speak With Government Counsel, With This Court's Permission</u>

Savage's response literally boldly states, "Former counsel correctly have determined that they should not submit to unmonitored questioning by the government." Response at p. 4. This statement is patently false.2 In fact, as noted in the government's motion, trial counsel have indicated that they are willing to speak to government counsel and answer questions as to the claims made against them in Savage's 2255 petition. It is only the interjection of habeas counsel that now causes them to ask for a court order to permit these communications.

<u>The Government's Motion Is Timely, Not "Premature"</u>

In yet another remarkable statement, Savage's current counsel claim that the government's motion is "premature." That position defies logic to the point of absurdity. Savage filed his mammoth 2255 motion in May 2023. The government is endeavoring to respond to it. The motion contains scores of claims of ineffective assistance of counsel. The government cannot possibly respond factually to those claims without speaking to trial counsel. Government

---

2 This statement is so blatantly false that it would be remarkable, were it not so consistent with habeas counsel's pattern for making baseless and untrue statements of fact.

counsel should not be forced to guess, or to wait until a hearing, to find out, for example, whether a claim is factually wrong, or whether a decision was made for strategic reasons. But, due to the prompting (or threatening) by habeas counsel, trial counsel now will not speak to government counsel without a court order. Thus, a court order is needed without further delay.

The Sealing Order Does Not, And Cannot, Prohibit Disclosure To Trial and Appellate Counsel

In yet another bizarre argument, Savage's habeas counsel argue that the order placing the 2255 motion and its exhibits under seal somehow prohibits its sharing with trial and appellate counsel. That argument lacks credulity and defies logic. Indeed, if it was habeas counsel's ill-conceived intent for the sealing order to act as a bar to telling trial and appellate counsel what they are now accused of, then habeas counsel should have so stated in their motion to seal. Had they done so, that motion to seal would have been opposed, and undoubtedly would have been denied.

Simply put, trial counsel and appellate counsel are entitled to know what the claims are against them alleging ineffective assistance of counsel. Trial counsel, appellate counsel, and government counsel have every right to prepare a defense to these claims. Savage does not have the right to level scores of bogus claims against his attorneys, then spring it on them in a hearing without any opportunity for them to prepare, gather materials, or otherwise defend themselves.

Conclusion

It is beyond logical dispute that, to respond to the defendant's claims of ineffectiveness against his former trial counsel, learned counsel, and appellate counsel, the government needs to learn those facts uniquely within the scope of their knowledge. For these reasons, the government requests that the Court permit it to interview them, and that the Court further direct

each counsel to provide documentation to government counsel, as requested, in response to each of the claims of ineffective assistance of counsel. In the unlikely event that trial counsel now reverse course and refuse to answer questions in an interview, then the government reserves the right to ask for additional measures, such as the giving of affidavits.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


*/s David E. Troyer*
DAVID E. TROYER
Assistant United States Attorney
Chief, Narcotics & Organized Crime
Eastern District of Pennsylvania

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Motion for an Order to establish the waiver of privilege and to direct the provision of information relevant to the defendant's pending 2255 motion has been served via electronic court filing (ecf), upon counsel for defendant listed below:

Ryan Norwood, Esquire
Kathryn Bailey, Esquire
Assistant Federal Defenders
Western District of Pennsylvania
ryan_norwood@fd.org
kara_bailey@fd.org

Bridget L. Kennedy, Esquire
Natalie Olmstead, Esquire
Assistant Federal Defenders
Southern District of Ohio
bridget_kennedy@fd.org
Natalie_olmstead@fd.org

Attorneys for Kaboni Savage

*s/ David E. Troyer*
David E. Troyer
Assistant United States Attorney

Date: November 17, 2023