**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA        :

                                :        **CRIM. NO. 07-550**

KABONI SAVAGE                   :

**ORDER**

AND NOW, this      day of                , 2024, upon consideration of the

defendant's Motion for an Order for Discovery Relating to Jury Composition Claims, and the

Government's Response thereto, it is ORDERED that the defendant's motion is DENIED.

BY THE COURT:

_____

HON. R. BARCLAY SURRICK
*Senior Judge, United States District Court*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA          :

                                                      :              **CRIM. NO. 07-550**

KABONI SAVAGE                          :

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT SAVAGE'S MOTION FOR DISCOVERY RELATING TO JURY COMPOSITION CLAIMS

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and David E. Troyer, Assistant United States Attorney for the district, respectfully files this Response in Opposition to the Defendant's Motion for Discovery Relating to Jury Composition Claims (Dk. No. 1763), and requests that the Court deny the defendant's motion. In support of this response, the government represents as follows:

Defendant Kaboni Savage has filed yet another motion for discovery relating to his 2255 petition; this one asking for discovery relating to prior jury composition claims that were already litigated pre-trial before this Court. He is not entitled to discovery. His claims are frivolous and so is his motion. Savage does not get to embark on a court-aided fishing expedition in hopes of unearthing evidence that might show that, while trial counsel pursued a motion, current habeas counsel could have perhaps done it better. Rather, the only issue for this Court is whether trial counsel's performance was constitutionally deficient. It was not. The fact that this is a capital case does not change that. Moreover, this motion is yet the latest proof of a transparent strategy to (1) unnecessarily delay proceedings; and (2) improperly re-litigate the entire case. Thus, the motion should be summarily denied.

<u>Savage Is Not Entitled To Discovery</u>

Savage attempts to relitigate an issue already raised and litigated, one that was rejected by both this Court and the Third Circuit Court of Appeal. Savage's rationale is that, hoping to find more information, he hopes that current habeas counsel could develop a better argument than that presented by trial counsel. Such speculative hopes, however, do not comprise the requisite necessity for ordering the discovery sought by habeas counsel.

Savage's cite to *Bracy v. Gramley*, 520 U.S. 899 (1997) for support is misplaced. *Bracy* presented a highly unusual, indeed extreme, factual scenario in which the trial judge presiding over the armed robbery, aggravating kidnaping and murder trial was later convicted of taking bribes in criminal cases. Under this unique factual backdrop, the Court ruled that the defendant had "good cause" to obtain additional discovery. However, the Court in *Bracy* made clear how exceptional a case it was, beginning its discussion of the issue with the following:

> A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course.

*Id*. at 904. By contrast, Savage presents no such scenario. Indeed, all he can muster is a mere hope that more information could have somehow given him a better argument by trial counsel. That is insufficient to invoke a discovery order, and insufficient to show a constitutionally deficient performance on the part of trial counsel.

Savage also cites, once again, to Rule 6 for Section 2255 Proceedings. However, Rule 6 makes it clear that "leave of court" is required for discovery: "A judge may, for good cause, authorize a party to conduct discovery . . . ." Rule 6(a). The Rule further states, "A party requesting discovery must provide reasons for the request. The request must also . . . specify any requested documents." Rule 6(b). Savage fails to show such a need. Savage's citation to Habeas Rule 6 is thus unavailing, as that rule states that a court "*may* authorize a party to conduct

discovery," and requires the defendant to submit "*reasons*" that establish "*good cause*" in order to obtain "*leave of court*" for discovery (emphasis added). Savage has utterly failed to satisfy those requirements.

<u>Savage Again Attempts To Jeopardize Jurors' Anonymity In Violation Of This Court's Order</u>

The proposed order offered by Savage pursuant to his motion would necessarily divulge the names and addresses of the jurors summoned for duty in this case, in direct violation of this Court's order for an anonymous jury.[1] Habeas counsel has already filed a separate motion seeking to do precisely that, and now underhandedly tries to accomplish the same goal via subterfuge. This Court should not abide such tactics.

This Court properly considered and granted the government's motion for an anonymous jury in this case, and made a solemn promise to the jurors that they would be anonymous; that is, that neither the parties nor counsel for the parties would know their names. Every person summoned for jury duty, whether selected or not, enjoyed that promise of anonymity. Savage's proposed order is an attempt to have this Court break that promise. In a case where the defendant murdered seven of his twelve victims from behind prison walls, vowed to kill witnesses and their families, threatened law enforcement, and even threatened to harm the jury itself, this cloak of anonymity must not be removed.

Savage's proposed order also seeks to learn the identities of persons to whom summonses were mailed but returned as "undeliverable." This, too, should be rejected, as such information is irrelevant and would do nothing to inform the Court on the issue Savage once again seeks to

---

[1] Savage's proposed order seeks, among other things, "A list of jurors summoned each week from September 1, 2008 until the date of trial" and a "list of jurors that appeared at the Courthouse for jury orientation from September 1, 2008 until the date of trial." Proposed Order, p. 2. Savage also seeks the "qualified lists" that "will contain home addresses." *Id*., p. 1.

pursue and relitigate.

<u>Savage's Claim Is Substantively Meritless</u>

Savage was tried and convicted by a racially diverse jury, chosen from a racially diverse panel. Prior to trial, trial counsel indeed filed multiple motions contesting the way in which jury panels are selected for service in the Eastern District of Pennsylvania. As part of a joint effort by defense trial counsel, Savage adopted his co-defendants' motions, which include: Northington's motion to secure a jury from the county of offense (Dk. # 403); Northington's motion to increase the pool of eligible jurors (Dk. # 406); Northington's motion to increase the pool of prospective jurors and to strike the current jury panel (Dk. # 701); and Merritt's motion for discovery in aid of the motion to strike the current jury panel (Dk. # 869). In Merritt's motion for discovery (#869), he attached the same curriculum vitae of purported expert Dr. Beveridge as is cited in habeas counsel's instant motion. These matters were fully litigated, and this Court properly denied the motions.

The issues now raised were also asserted by Savage on appeal, and the Third Circuit specifically rejected these arguments, flatly stating, "Blacks were not unfairly or unreasonably represented on the qualified jury wheel." *United States v. Savage*, 970 F.3d 217, 255 (3d Cir. 2020). The Third Circuit, in a fulsome analysis, *Id*. at 250-262, noted it "continues to use both absolute and comparative disparity methods," *Id*. at 256, and determined that "Savage fails to meet his burden of proving that Blacks were unfairly and unreasonably represented on the Eastern District's qualified jury wheel." *Id*. at 259.  The Third Circuit also found that "Blacks were not systematically excluded from the qualified jury wheel." *Id*., finding that there is "nothing on the face of the Eastern District's jury selection process that draws racial distinctions." *Id*.

Savage's attempts to take statements of government counsel at appellate oral argument out of context are equally unavailing. The plain fact is that there is no disparity of a degree advanced by current counsel, and the comment made by government's appellate counsel were merely hypothetical in nature. Moreover, the comment about a "50 percent disparity" does not even give a context as to what type of disparity (absolute or comparative) was being discussed, for as the Third Circuit noted, "Turning to comparative disparity, the 50.24% figure here is similar to those deemed insufficient in other cases . . . ."  *Id*. at 258.

As the Third Circuit recognized in *United States v. Weaver*, 267 F.3d 231, 236 (3d Cir. 2001), for a defendant to establish a prima facie violation of the fair cross-section requirement of the Sixth Amendment and the Jury Selection and Service Act ("JSSA"), he has the burden of proving three elements:

> (1) The group alleged to be excluded is a "distinctive" group in the community; (2) The representation of this group in jury venires is not 'fair and reasonable' in relation to the number of such persons in the community; and (3) The under-representation is caused by the "systematic exclusion of the group in the jury selection process."

*Id.*, 267 F.3d at 237, *citing Duren v. Missouri*, 439 U.S. 357, 364 (1979). In this case, trial counsel raised this issue, litigated it, failed to satisfy the *Duren / Weaver* factors, and thus failed to prevail. The Third Circuit affirmed this Court's ruling. Wanting more data, post-appeal, in hopes of now arguing the issue better than argued before, is an insufficient basis on which to seek discovery.

Of course, in seeking "discovery" to relitigate this issue, Savage now claims the need for the U.S. District Court Clerk's Office to research, unearth, compile and disclose many years of records of jury summonses. Indeed, the volume of materials he now seeks is enormous, namely the "qualified lists . . . for 2007, 2009, and 2011," and "(t)he venire panels from September 1, 2008 through the date that (sic) of the trial, including Juror Index Number." Given that the trial

in this case commenced and ended in 2013, this means that the Clerk's Office would have to compile and provide information of all jury panels for a period of almost five years. This is unnecessary, overly burdensome, and a transparent attempt to delay these proceedings by years, obviously in hopes that this Court and this prosecutor will eventually be unavailable to participate in the proceedings. Such a futile and facile tactic should not be allowed to succeed.

Conclusion

Discovery was already liberally given in this case at the pre-trial stage. Discovery at this stage of the proceedings is not a matter of right or entitlement. Indeed, there must be a showing of a need for particular information, and Savage plainly fails to make such a required showing, especially for an attempt to relitigate issues already foreclosed on appeal. Further, his demands would jeopardize the anonymity of the jurors, and would be too voluminous and onerous for the Court Clerk to comply. For all of these reasons, the motion for discovery should be summarily denied.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney


 *s/ David E. Troyer*                    /
DAVID E. TROYER
Assistant United States Attorney
Chief, Narcotics & Organized Crime

7

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed via ECF and via electronic mail, and was thus served on defense counsel:

Bridget L. Kennedy, Esquire
Assistant Federal Defender
bridget_kennedy@fd.org

Kathryn Bailey, Esquire
Assistant Federal Defender
kara_bailey@fd.org

Ryan Norwood, Esquire
Assistant Federal Defender
ryan_norwood@fd.org
Attorneys for Kaboni Savage

*s/ David E. Troyer                    /*
DAVID E. TROYER
Assistant United States Attorney

Date:  April 26, 2024

8