**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal No. 2:07-cr-00550-RBS** |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KABONI SAVAGE,** | ) | **Hon. R. Barclay Surrick** |
| | ) | |
| | ) | |
| **Defendant.** | ) | **Death Penalty Case** |

---

**REPLY TO RESPONSE TO MOTION FOR DISCOVERY RELATING TO JURY
COMPOSITION CLAIMS**

---

The government's response in opposition to Kaboni Savage's motion for discovery to support his claims that his prior counsel ineffectively litigated a fair cross-section violation misapprehends the standards governing habeas discovery, confuses *Strickland* claims with the underlying claim, mischaracterizes the confidentiality restrictions Mr. Savage and his expert already represented they would abide, and ignores that this Court already approved disclosure of this data to the defense's expert at trial though trial counsel prejudicially failed to obtain it.

**I.      Mr. Savage has shown good cause for the jury data he seeks.**

Habeas counsel seeks expert access to the same jury composition data this Court previously made available for a defense expert at trial, but that trial counsel inexplicably failed to obtain. *See* Doc. 1763 (Motion for Discovery Relating to Jury Composition

Claims). Counsel seeks this data in pursuit of Mr. Savage's § 2255 claim that prior counsel litigated the violation of his fair cross-section rights so deficiently that they were constitutionally ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). *See* Doc. 1746 at 514-520. Contrary to the government's assertions, Savage has never raised this claim before in this Court or in the Third Circuit.

In *Bracy v. Gramley*, the Supreme Court set forth the standard for district courts to grant discovery under Habeas Rule 6. The Court held that discovery is appropriate when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." 520 U.S. 899, 908-09 (1997). The government's attempt to factually distinguish *Bracy* is irrelevant— *Bracy*'s standard is well-established and has been applied in thousands of federal court decisions, including by this Court. *See, e.g., Lopez v. Beard*, 2017 WL 1293389 (Mar. 3, 2017, E.D. Pa.) (order granting discovery in part to habeas petitioner based on *Bracy* standard). And this standard is liberal: *Bracy* itself agreed with the lower court's finding that the claim at issue there was "quite speculative" and acknowledged the "difficulties of proof." *Bracy*, 520 U.S. at 905.

Mr. Savage has satisfied the *Bracy* standard for this jury data—he has made specific allegations of ineffective assistance of counsel that, once factually proven, entitle him to relief. *Bracy*, 520 U.S. at 908. The relevancy of the requested discovery is not speculative. There are numerous indications in the record that the sought data will confirm that large racial disparities persisted in the years before his trial and were systematic. First, when the Court had to draw a second and then third venire for this trial, racial disparities similar to

the one seen in the first venire persisted. *See* Doc. 869 at 3. Second, Dr. Beveridge's preliminary analysis of the summary lists of juror demographics for those previous years show vast disparities. *See* Doc. 869-2, Doc. 869-3. Third, the historical, persistent, racial disparities in jury venires assembled in this federal district are well-known by members of this Court.[1] Such data would establish both the severity of the disparities and their systematic nature—exactly what the government argued, and this Court and the Third Circuit found, was missing in Mr. Savage's pre-trial fair cross-section challenge.

The request also is limited in scope. *See* Doc. 1765 (Government Response) at 2 (complaining that Mr. Savage is "embark[ing] on a court-aided fishing expedition" with this request). The jury composition data sought in the motion is routine discovery in fair cross-section litigation. *See* 28 U.S.C. § 1867(f) (permitting disclosure to litigants pursuing a jury composition claim of the "contents of records or papers used by the jury commission or clerk in connection with the jury selection process"). The Supreme Court has confirmed litigants pursuing a fair cross-section claim have "essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975). These principals are of course at their height in a capital case. *See, e.g., Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (increased protections required because "death is…different").

---

[1] *See, e.g.*, Chief Judge Juan R. Sanchez, *A Plan of Our Own: The Eastern District of Pennsylvania's Initiative to Increase Jury Diversity*, Temple L. Rev. Online, v. 91 (2019) (discussing the longstanding problems achieving representative juries in the Eastern District of Pennsylvania and outlining new steps the district is taking to remedy the problem) *available at* https://www.templelawreview.org/article/a-plan-of-our-own-the-eastern-district-of-pennsylvanias-initiative-to-increase-jury-diversity/.

This Court already has made the determination that this exact set of data is what Mr. Savage's trial expert would "need[] to substantiate his [fair cross-section] claim." Doc. 1136 at 6.  Likewise, counsel's current expert must have access to this material in order to prove that if his prior counsel had accessed this information during trial, there is a reasonable probability that his fair cross-section challenge would have prevailed.

The government specifically argues that Mr. Savage's request for information about undeliverable summonses is irrelevant. Doc. 1765 at 4-5. The government is wrong. Both experts have averred that information is necessary to determine the systematic cause of racial disparities. *See* Doc. 869-3 at ¶ 9 (Declaration of Dr. Andrew A. Beveridge); Doc. 1763-2 at ¶ 28 (Declaration of Jeffrey Martin). The systematic nature of the disparity is a necessary prong of a fair cross-section violation, and thus the data is necessary to prove prior counsel deficiently litigated the motion. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979). Indeed, this Court already considered whether this specific type of juror data was needed for Mr. Savage's fair cross-section motion and concluded summonses data was not only relevant, but necessary. *See* Doc. 1136 at 9.

The government, seemingly misunderstanding that Mr. Savage now raises an *ineffective assistance of counsel claim* based on the deficient fair cross-section litigation, argues that this Court already rejected a fair cross-section challenge. But the Court did so based on very limited data, and then granted trial counsel access to this additional jury data even *after* it rejected the initial motion, indicating that its ruling was not definitive. Of course, this Court never had the opportunity to rule on whether that additional jury data established the necessary prongs of a fair cross-section violation since trial counsel never

4

accessed that data. Nothing about the Court's treatment of this imperfected trial challenge limits its ability to reach the properly raised claims of ineffective assistance of counsel here. Under *Bracy,* because the data is necessary to establish *Strickland* prejudice, the Court should grant Mr. Savage the opportunity to fully develop the facts of this violation.

**II.     The requested discovery is sought to support Mr. Savage's well-pled claim and not for some other purpose.**

The requested jury data is sought to support Mr. Savage's claims of ineffective counsel.  The government's claims that Mr. Savage is seeking this information to learn the identities of the jurors or for "delay" are baseless.

In no way does Mr. Savage's discovery request circumvent the Court's anonymous jury order.[2] Indeed, that order was already in effect when the Court previously granted the defense trial expert access to the materials sought here. The Court ordered:

> In view of the fact that the jury in this case is anonymous (*see* ECF No. 602), before any of the above-discussed discovery is released to Defendant's expert, Defendant must provide the Court with affidavits of confidentiality signed by Defendant's expert and his assistants. No person other than Defendant's expert and his assistants shall have access to any of the discovery discussed herein.

Doc. 1136 at 10.

---

[2] Mr. Savage filed a separate motion last year seeking the limited release of petit juror identities *to his counsel only* for purposes of identifying potential claims of juror bias. *See* Doc. 1738.  While that motion remains pending, that request is entirely unrelated to the discovery pertaining to the jury selection process.

Jeffrey Martin, Mr. Savage's jury demographic expert, already has agreed to such affidavits of confidentiality, to abide by any protective order by this Court, and to anonymize any jury identifiers. Doc. 1763-2 at ¶¶ 30-36. *See also* Savage's Motion for Discovery Related to Jury Composition Claims, Doc. 1763 at 6-7 (noting this Court's requirement of a confidentiality affidavit as part of its grant of jury information and requesting the same level of access in habeas discovery). Dr. Beveridge explained in his 2012 declaration why certain identifiers, in particular addresses, are necessary for a full analysis into the cause of any disparities. *See* Doc. 869-3 at ¶ 9. Geographical disparities can, by proxy, cause racial disparities, as can disparities in undeliverable mail to home-owners as opposed to renters. *See id*. Demographic experts can also discern or impute race based on jury identifiers when race is unavailable from the source lists. *See id*. *See also* Doc. 1763-2 at ¶¶ 13-14 (Jeffrey Martin's declaration confirming that the requested jury data, including identifiers, is necessary to identify systematic factors affecting the jury composition). The Court's requirement that such information be provided *only* to the expert and not to counsel, along with the required affidavits of confidentiality, are sufficient to protect this data. Should this Court rightly grant discovery, neither Mr. Savage nor his defense team will have access to any jury identifiers including addresses.

Yet again, the government baselessly accuses habeas counsel of attempting to unnecessarily delay proceedings, claiming that gathering the jury information sought would take years. Doc. 1765 at 7. The government provides no evidence or reasons for its assumption. The Court clearly did not expect the process to take years when it granted access to this data during trial. *See* Docs. 1136, 1137. The Court also did not believe that

the data sought would be "[h]ighly invasive" or "pose an extraordinary administrative burden on the courts" when it previously ordered it to be made available. Doc. 1136 (Order Granting Discovery) at 5.

The expert access sought is appropriately limited in scope, and is necessary for Mr. Savage to prove that his prior counsel was ineffective for failing to access and use this data in pursuit of his Sixth Amendment right to a jury drawn from a fair cross-section of the community. This Court should reject the government's attempts to distract from the substance of his discovery motion and the clear standard under *Bracy*.

Respectfully submitted,

*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
CA Bar 253416; OH Bar 100802
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
Bridget_kennedy@fd.org
(614) 469-4141

Kathryn Bailey
PA ID 308242
Assistant Federal Public Defenders
Capital Habeas Unit
Office of the Federal Public Defender
Western District of Pennsylvania
1001 Liberty Avenue, Ste. 1500
Pittsburgh, PA 15222
kara_bailey@fd.org
(412) 644-6565

ATTORNEYS FOR KABONI SAVAGE

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically through the ECF system and notice sent to counsel of record for all parties on this date.

*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
CA Bar 253416; OH Bar 100802
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
Bridget_kennedy@fd.org
(614) 469-4141

ATTORNEY FOR KABONI SAVAGE