**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 07-550-03 |
| KABONI SAVAGE | : | |

**O R D E R**

**AND NOW**, this 23rd day of August, 2024, upon consideration of the Government's

Motion to Establish the Waiver of Attorney-Client Privilege and to Direct the Provision of

Information Relevant to the Defendant's Pending § 2255 Motion (ECF No. 1755), the

Government's Motion for Order Granting Previous Motion to Establish Waiver of

Attorney/Client Privilege (ECF No. 1755) and to Direct the Provision of Information Relevant to

the Defendant's Pending 2255 Motion (ECF No. 1761), and all documents submitted in support

thereof and in opposition thereto, it is **ORDERED** that the Motion is **GRANTED IN PART** and

**DENIED IN PART**.[1]

IT IS SO ORDERED.

BY THE COURT:

s/ *R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[1] Presently before the Court is the Government's Motion to Establish the Waiver of Attorney-Client Privilege and to Direct the Provision of Information Relevant to the Defendant's Pending § 2255 Motion and supplemental motion. (Mot., ECF No. 1755; ECF No. 1761.) The Government asks us to order that Defendant has waived his attorney-client privilege, work product protection, and confidentiality through his pending § 2255 motion. (Mot. at 1.) It seeks an order permitting "trial counsel, learned counsel, and appellate counsel" to speak with the Government and provide any supporting documentation. (Proposed Order, ECF No. 1755, ¶ 1.)

Defendant filed a § 2255 petition on May 15, 2023, in which he raised, among other challenges, claims of ineffective assistance of counsel. (ECF No. 1746; Mot. at 2-3.) Prior to filing the instant

Motion, the Government contacted Defendant's trial counsel, provided them a copy of his § 2255 petition, and asked if they would be available and willing to speak with the Government in preparing its response. (*Id*. at 3.)  Two of Defendant's former trial counsel informed the Government that they were in contact with Defendant's post-conviction counsel and had been instructed not to speak to the Government.  (*Id*. at 3-4.)  According to the Government, Defendant's post-conviction counsel informed trial counsel that Defendant had not and was not waiving any privilege or protection and that any communications between trial counsel and the Government would violate ethics rules and the operative sealing order.  (*Id*.)  The Government maintains that it cannot develop the factual bases of its opposition to the § 2255 motion without interviewing Defendant's former counsel.  (*Id*. at 4.)

In opposing the Motion, Defendant maintains that the Government's request violates ethical rules and is premature, as he maintains that the Government has no right to demand interviews and discovery outside of the discovery process that governs § 2255 proceedings and prior to filing a response to Defendant's § 2255 motion.  (Opp'n, ECF No. 1758, at 1-2.)  Defendant references ABA Formal Opinion 10-456 ("Opinion 10-456") and caselaw ruling that information should only be obtained from former counsel in post-conviction proceedings with judicial supervision.  (*Id.* at 10-11.)

As a threshold matter, we find that Defendant has waived his attorney-client privilege by filing a § 2255 motion that puts at issue his attorney's advice.  *See United States v. Boyle,* No. 16-271, 2018 WL 6505526, at *3 (E.D. Pa. Dec. 11, 2018).  "The advice of counsel is placed in issue where the client asserts a claim or defense and attempts to prove that claim or defense by disclosing or describing an attorney client communication."  *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d. Cir. 1994).  Defendant's § 2255 motion claims ineffective assistance of counsel and puts the performance of his attorneys before the Court.  (ECF No. 1746 at 86, 92, 94, 98, 103); *see also Boyle*, 2018 WL 6505526, at *3 n.1 (stating that although the Third Circuit has not addressed the issue, other circuits have held that petitioners waived attorney-client privilege as to the specific claims of ineffective assistance of counsel raised in their § 2255 petitions).

Next, we address the consequence of Defendant's waiver of privilege and its potential interaction with ethical principles.  Defendant maintains that prior counsel's continuing duty of confidentiality under Pennsylvania Rule of Professional Conduct ("PRPC") 1.6 and guidance from the American Bar Association ("ABA") preclude their communication with the Government.  (Opp'n at 4-10.)  According to Defendant, his trial counsels' duty of confidentiality did not terminate with their representation and this situation does not fall within the limited exceptions in which an attorney may reveal information relating to a prior representation.  (*Id*. at 5.)

PRPC Rule 1.6 broadly prohibits disclosure of "information relating to representation of a client unless the client gives informed consent," during or after termination of the attorney-client relationship. Pa. R. of Prof'l Conduct 1.6(a), (e).  Under PRPC Rule 1.6(c)(4), an attorney is exempted from this general rule in three scenarios: "(1) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, (2) to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or (3) to responds to allegations in any proceeding concerning the lawyer's representation of the client." *Id.* 1.6(c)(4).

Defendant claims that the first two clauses are inapplicable to the instant § 2255 motion as there is no legal controversy between him and his lawyers or a disciplinary proceeding against his lawyers.  (*Id*. at 7-8.)  He further states that the final clause should be construed as permitting only disclosures which are "necessary" and can only be satisfied in a setting subject to judicial supervision.  (*Id.*)

However, courts have not interpreted the third exemption as narrowly as Defendant has. Addressing a similar scenario, a district court concluded that "the information sought is plainly relevant to allegations regarding trial counsel's performance, against which trial counsel must necessarily defend. On its face, trial counsel's disclosure is reasonably within the scope of the self-defense exception to the duty of confidentiality." *United States v. Rice*, No. 14-119, 2020 WL 4015354, at *2 (M.D. Pa. July 16, 2020).

2

The ABA issued a formal opinion, Opinion 10-456, which interprets ABA Model Rule 1.6, on which PRPC 1.6 is based. ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It concluded that "although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege . . . , that information still is protected by Model Rule 1.6(a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies." *Id*. at 1. "Permitting disclosure of client confidential information outside court-supervised proceedings undermines important interests protected by the confidentiality rule." *Id*. at 5. Opinion 10-456 identified numerous risks associated with the *ex parte* disclosure of confidential information from a former attorney in a § 2255 proceeding: "there would be a risk that trial counsel would disclose information that could not ultimately be disclosed in the adjudicative proceeding;" disclosure of such information may prejudice the defendant in the event of a retrial; and "allowing criminal defense lawyers voluntarily to assist law enforcement authorities by providing them with protected client information might potentially chill some future defendants from fully confiding in their lawyers." *Id*. at 5. Accordingly, Opinion 10-456 concluded that "it will be extremely difficult for defense counsel to conclude that there is a reasonable need in self-defense to disclose client confidences to the prosecutor outside any court supervised setting." *Id*.

However, "Opinion 10-456 elevates the duty of confidentiality over important competing interests," including the government's interests in adequately preparing for challenges to its conviction and trial counsel's interest in defending against allegations of ineffective assistance. *Rice*, 2020 WL 4015354, at *3. We do not share the Opinion's view of attorneys before the court; "courts should not presume attorneys faced with allegations of ineffectiveness will act unethically and reveal information irrelevant to the ineffectiveness claim, but instead should presume those attorneys will 'honor [their] professional responsibility to [their] client' by acting professionally and ethically." *Commonwealth v. King*, 212 A.3d 507, 518-19 (Pa. 2019) (citation omitted) (dissenting). "Experienced counsel should be capable of . . . in good faith [] preserv[ing] still-privileged material but disclos[ing] material as to which the privilege has been waived." *Lacerda v. United States*, No. 22-0026, 2022 WL 2168244, at *3 (D.N.J. June 16, 2022) (quoting *Ragbir v. United States*, No. 17-1256, 2018 WL 1871460, at *5 (D.N.J. Apr. 19, 2018)); *Brodie v. United States*, No. 20-12713, 2022 WL 2753457, at *2 (D.N.J. July 13, 2022).

Moreover, Opinion 10-456, and ABA ethics opinions more generally, have not been adopted by district courts in this Circuit or by the Pennsylvania Supreme Court and are not binding on this court. *See SCF Consulting, LLC v. Barrack, Rodos & Bacine*, 175 A.3d 273, 277 (Pa. 2017) (citing *In re Estate of Pedrick*, 505 Pa. 530, 482 A.2d 215 (1984)); *Rice*, 2020 WL 4015354, at *3 ("Neither our local rules nor the Pennsylvania Supreme Court have expressly adopted Opinion 10-456."); *Price v. United States*, No. 21-32, 2023 WL 8370107, at *5 (D. Del. Dec. 4, 2023) ("Opinion 10-456 is not binding on" the District of Delaware). Accordingly, as other courts in this Circuit have concluded, there is no *per se* prohibition on pre-hearing discovery or *ex parte* discussions with trial counsel in the Section 2255 context. *See Rice*, 2020 WL 4015354, at *4.

Petitioner's former attorneys cannot be compelled to speak with the Government if they choose not to, but they also cannot be barred from speaking with the Government if they choose to do so. *See Lacerda*, 2022 WL 2168244, at *3; *Brodie*, 2022 WL 2753457, at *2; *Ragbir*, 2018 WL 187460, at *5. The United States may request an interview that is within the scope of Petitioner's waiver from former counsel, but the Court will not issue an order at this time that either requires or forbids their cooperation.

This § 2255 motion is still in its early stages as Defendant has yet to file an amended Motion and the Government has not filed a response. We have not ruled whether an evidentiary hearing will be held. The Government may utilize Rule 6 of the Rules Governing § 2255 Proceedings if, at a later juncture, it seeks affidavits, declarations, or appropriate discovery prior to an evidentiary hearing.

Lastly, neither party has sought to modify the operative sealing order, and the parties may apply separately to do so if they deem it to be necessary.