**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(Philadelphia)**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | **Criminal No. 2:07-cr-00550-RBS** |
| | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **KABONI SAVAGE,** | **)** | **Hon. Chad F. Kenney** |
| | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

**MOTION TO SET SIXTY-DAY DEADLINE FOR
FILING OF REPLY TO ANSWER**

The government filed a 167-page Answer to Mr. Savage's § 2255 motion on December 19, 2025.  ECF No. 1795.  Mr. Savage had initially requested the Court to set a schedule for discovery litigation in light of this Answer.  ECF 1796.  The Court denied the motion, stating that Defendant "shall follow the standard procedure for amendment, response, and reply as set forth by the rules for 28 U.S.C. § 2255 motions." ECF No. 1797.

This Court's rules for § 2255 proceedings allow the movant to file a Reply to the government's Answer.  *See* E.D. Pa. Civ. R. 9.4(C)(2).  This Reply is normally due within 30 days for non-death penalty cases.  *Id.*  However, the circumstances of this case merit an extension of this period.  Mr. Savage respectfully asks the Court to rule that a Reply may be filed within 60 days of the Answer, or no later than February 17, 2026.

1

Sixty days is the presumptive Reply deadline for a case where a petitioner is "challenging a death sentence." *See* E.D. Pa. Civ. R. 9.5(A), (C)(3); *see also* E.D. Pa. Civ. R. 9.5(D)(2) (allowing extensions for filing documents "[u]pon motion and for good cause shown."). While Mr. Savage no longer has a sentence of death because of the intervening commutation, this was a capital case at the time he initiated these proceedings and filed his § 2255 motion, so the capital rule should still apply.

But even if the non-capital presumptive time period applied, good cause and the interests of justice merit granting an extension. *See* Fed. Rule Civ. Pro. 6(b)(1) (allowing court to grant extensions of time for most deadlines upon a showing of good cause); *Boddie v. Oberlander*, 2023 WL 5278001 at *2 (E.D. P.A. 2023) (applying FRCP 6(b) standard to extension requests for filing deadlines in habeas corpus case). Mr. Savage sought and was granted permission to file a 715-page § 2255 motion. ECF No. 1741, 1748. While some of the claims raised therein are now moot in light of the commutation, his Motion still contains numerous claims and subclaims related to the guilt phase of his trial. Even without considering the penalty phase, Mr. Savage's trial was still an exceptionally complex matter involving four co-defendants, RICO charges spanning the course of a decade, and a trial involving a two-month voir dire process and three-month guilt phase trial. While Mr. Savage's life may no longer be at stake, he is still serving a life sentence and the issues presented in his § 2255 motion are far more extensive and complex than the mine-run cases contemplated in the court's non-capital rules.

Mr. Savage filed his § 2255 motion on May 15, 2023. While the Court only recently directed its filing, the government has had more than two and a half years to work on its 167-page Answer – a document more than five times the presumptive size of a non-capital § 2255 Answer, E.D. Pa. Civ. R. 9.4(C)(1), and indeed longer than the presumptive limit for capital case Answers, E.D. Pa. Civ. R. 9.5(C)(1)(a).[1] Plainly the government had already prepared much of this pleading prior to the Court's November 25, 2025 order. ECF No. 1788, *see also* ECF No. 1755, pg. 3 (representing in November 2023 that government counsel "has been diligently working on a response" to the motion).

In fact, the government filed their Answer almost two weeks before the Court's December 30 deadline. Presumably this was to avoid the difficulties of working during the holidays, but conversely this means that Mr. Savage's counsel's response time runs through the same holidays, when time is inevitably lost due to vacations and other obligations. One of Mr. Savage's noticed attorneys, indeed, had a long-planned vacation out of the country from Dec. 24 to Jan 17, meaning that she is effectively unable to work on the Reply under a 30-day response deadline.

Under these circumstances Mr. Savage's attorneys should be allowed 60 days to file a Reply to the government's Answer. Mr. Savage's § 2255 motion remains a serious, complex matter that has already occupied much of the parties' time and

---

[1]Given the length of the § 2255 motion and the complexity of this case, the government's Answer is not overly long. The length does, however, highlight the need for rules flexibility in a case like this.

3

been pending in this Court for almost three years.  Under the circumstances, sixty days is necessary for counsel to prepare an adequate Reply that will aid the Court in its review of the matter. To the extent this requires a modest extension of the 30-day non-capital presumptive deadline, the unique circumstances of this case provide more than good cause for it. Given the amount of time the Government has had to prepare their Answer, it would be inequitable and unjust to deny the Mr. Savage the reasonable additional time to file an adequate reply.

## CONCLUSION

Mr. Savage respectfully requests that this Court rule that Mr. Savage's Reply to the government's Answer to his § 2255 Motion should be filed no later than February 17, 2026.

Respectfully submitted,

*/s/ Bridget L. Kennedy*
Bridget L. Kennedy
OH Bar 100802
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
bridget_kennedy@fd.org
(614)-469-4141

*/s/ Ryan Norwood*
Ryan Norwood
Pennsylvania Bar No.332919
Assistant Federal Public Defender
Office of the Federal Public Defender
District of Nevada
411 E. Bonneville St.

Las Vegas, NV 89101
ryan_norwood@fd.org
(702) 388-6577

ATTORNEYS FOR KABONI SAVAGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### (Philadelphia)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | **Criminal No. 2:07-cr-00550-RBS** |
| | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **KABONI SAVAGE,** | **)** | **Hon. Chad F. Kenney** |
| | **)** | |
| | **)** | |
| **Defendant** | **)** | |

---

## [PROPOSED] ORDER

---

Upon good cause shown, it is ordered that Defendant's Reply to the government's Answer (ECF No. 1795) is due on or before February 17, 2026.


_____
Chad F. Kenney
United States District Judge

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically through the ECF

system and notice sent to counsel of record for all parties on this date.

/s/ *Bridget L. Kennedy*
Bridget L. Kennedy
OH Bar 100802
Assistant Federal Public Defender
Capital Habeas Unit
Office of the Federal Public Defender
Southern District of Ohio
10 West Broad Street, Suite 1020
Columbus, OH 43215
bridget_kennedy@fd.org
(614)-469-4141

ATTORNEY FOR KABONI SAVAGE